**The STATE of Texas, Appellant,**

v.

**Omar SOSA, Jr., Appellee.**

**No. 04–91–00595–CR.**

Court of Appeals of Texas,
San Antonio.

April 15, 1992.

Rehearing Denied May 11, 1992.

Joe Mike Pena, Alice, for appellant.

Wallace W. Canales, Alice, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

BIERY, Justice.

The State of Texas appeals, contending the trial court erred in granting deferred adjudication probation to Omar Sosa, Jr., appellee, following Mr. Sosa's plea of guilty. The State argues that Sosa had already been found guilty of the charge in a nonjury trial, and the trial court could not allow the withdrawal of the not guilty plea and substitute a guilty plea. We affirm.

Sosa initially contends we do not have jurisdiction to hear this appeal by the State. We disagree. Article 44.01(b) of the Texas Code of Criminal Procedure provides the State may appeal on the ground that the sentence is illegal. TEX.CODE CRIM. PROC.ANN. art. 44.01(b) (Vernon Supp. 1992). The central question before us concerns the deferred adjudication sentence. Thus, we do have jurisdiction. Sosa also urges the State did not object to the procedure employed by the trial court; however, the record reflects the assistant district attorney did, in fact, specifically object that a nonjury trial had already been held. We find, therefore, the objection was properly preserved.

Sosa was charged with possession of 28 grams of cocaine or less, a second degree felony carrying a range of punishment from two years to twenty years. In a nonjury trial, Sosa admitted being in the vehicle in which the cocaine was found, admitted he knew there was cocaine in the vehicle and that he had been casually using cocaine on the evening in question. Following the testimony in the nonjury trial, the trial judge found Sosa guilty and ordered a presentence investigation for the purpose of deciding whether or not to grant probation.

At the sentencing hearing, the trial court allowed Sosa to withdraw his plea of not guilty and enter a plea of guilty, whereupon he was properly admonished by the trial judge concerning the plea of guilty. The trial court then granted Mr. Sosa's application for deferred adjudication probation pursuant to Article 42.12, § 5 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5 (Vernon Supp.1992). The State contends a defendant should not be allowed to plead not guilty, have a nonjury trial and, if the outcome is unfavorable to the defendant, be allowed to withdraw his not guilty plea, change the plea to guilty and apply for deferred adjudication. While we agree with the State that the procedure employed by the trial court does not tend to conserve scarce judicial and prosecutorial resources, we find no statutory or caselaw authority which circumscribes the trial judge's discretion in this situation or affirmatively prohibits this procedure. Section 5(a) of Article 42.12 of the Code of Criminal Procedure provides only that deferred adjudication may be granted by the trial court after receiving a plea of guilty or plea of nolo contendere. It does not say that deferred adjudication is unavailable in a situation where a new trial has been granted or a plea of not guilty withdrawn, nor does the statute provide the guilty or nolo contendere plea must be made at the first instance. Further, the Court of Criminal Appeals has specifically noted "the power to defer adjudication rests solely within the discretion of the trial court." *Reed v. State*, 644 S.W.2d 479, 483 (Tex.Crim.App. 1983).

While we can speculate the procedure complained of here could encourage defendants to seek "two bites at the apple," we are confident the learned trial judges of this state would have the wisdom to know if such gamesmanship were being employed. We are not, consequently, inclined to limit the trial court's discretion in this area by appellate judicial fiat.

Accordingly, the judgment of the trial court is affirmed.