Max TALLANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–92–00129–CR.

Court of Appeals of Texas, Tyler.

Aug. 12, 1993.

Dan Hurst, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

Max Tallant pleaded guilty to the offense of aggravated sexual assault of a child and was sentenced by the court to life imprisonment. Tallant challenges the trial court's judgment on grounds that he did not knowingly and intelligently enter his guilty plea, and that he did not receive effective assistance of counsel. We will reverse the judgment of the trial court.

At the hearing on his motion for new trial, Tallant testified that, on his retained counsel's advice, he entered a plea of guilty on his first degree felony charge, with an expectation of receiving a probated sentence. Testimony from the motion for new trial hearing showed that Tallant's trial counsel told Tallant on several occasions that probation was a "definite consideration," and would best be achieved by pleading guilty and allowing the court to assess punishment. However, under the TEXAS RULES OF CRIMINAL PROCEDURE, a court is not permitted to place a defendant on probation for the crime of aggravated sexual assault. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(1)(C) (Vernon Supp.1993). The attorney never told Tallant that the judge could not give probation for the aggravated sexual assault charge. The trial court sentenced Tallant to life imprisonment.

Tallant complains that had he known court-ordered probation was not permitted for the offense for which he was charged

then he would not have entered a guilty plea, and would have not waived his right to a jury trial. He therefore maintains that his guilty plea was not entered knowingly and intelligently, and the recommendations and advice of his attorney amounted to ineffective assistance of counsel.

 The United States Supreme Court created a two-part analysis to judge any claim of ineffectiveness of counsel. First, trial counsel's performance must have been deficient under prevailing professional norms; second, there must have been a reasonable probability that but for the deficiencies the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). The Court of Criminal Appeals, while rejecting the *Strickland* test for the punishment phase of a criminal trial, has adopted the two-part test for the guilt-innocence phase. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986); *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App. 1987). Although the alleged error in this case occurred prior to trial, it dealt solely with the punishment phase of the trial. *See Ex parte Walker*, 794 S.W.2d 36 (Tex.Cr. App.1990). Therefore, the standard for determining whether the Appellant suffered from ineffective assistance of counsel is the standard used before the Supreme Court handed down *Strickland v. Washington.*

The court articulated the pre-*Strickland* standard as follows: "[t]he right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel." *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App.1987); *see Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Cr. App.1980).

 An accused is denied effective assistance of counsel when he is given advice which prevents him from making an informed and conscious choice regarding his right to a jury trial. *Walker*, 794 S.W.2d at 37; *Ex parte Dunham*, 650 S.W.2d 825, 827 (Tex.Cr.App.1983). Tallant was told that he would, in all likelihood, receive court-ordered probation if he waived a jury trial. The advice, which was based on his lawyer's incorrect understanding of the law, was not

cured by the court's admonitions to Tallant since the court did not inform the Appellant that he would not be eligible for probation. We conclude that Tallant was not able to make an informed and conscious decision about his right to a jury trial given his mistaken belief that the trial court had the authority to order probation for the charged offense. The recommendation to plead guilty before the court, under these circumstances, was not reasonably effective assistance of counsel as guaranteed by the UNITED STATES and TEXAS CONSTITUTIONS. *Ex parte Battle*, 817 S.W.2d 81 (Tex.Cr.App.1991).

The trial court's judgment is **reversed and the case is remanded for a new trial.**