Max TALLANT,

v.

The STATE of Texas.

No. 12–92–00130–CR.

Court of Appeals of Texas, Tyler.

Aug. 12, 1993.

Dan Hurst, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

Max Tallant pleaded guilty to the offense of indecency with a child and was sentenced by the court to 20 years imprisonment. Tallant challenges the trial court's judgment on grounds that he did not knowingly and intelligently enter his guilty plea, and that he did not receive effective assistance of counsel. We will affirm the judgment of the trial court.

At the hearing on his motion for new trial, Tallant testified that, on his retained counsel's advice, he entered a plea of guilty before the court to four indictments: one charging aggravated sexual assault and three charging indecency with a child, including the charge that is the subject of this appeal. Tallant testified that he decided to waive a jury trial and plead guilty before the court because his attorney advised him to do so in order to have a better chance at getting a probated sentence. The court assessed punishment at 20 years for the indecency with a child conviction.

Tallant now complains, in points of error one and two, that had he known court-ordered probation was not permitted for the offenses for which he was charged then he would not have entered a guilty plea, and would have not waived his right to a jury trial. He therefore maintains that his guilty plea was not entered knowingly and intelligently, and the recommendations and advice of his attorney amounted to ineffective assistance of counsel.

The United States Supreme Court created a two-part analysis to judge any claim of ineffectiveness of counsel. First, trial counsel's performance must have been deficient under prevailing professional norms; second, there must have been a reasonable probability that but for the deficiencies the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The Court of Criminal Appeals, while rejecting the *Strickland* test for the punishment phase of a criminal trial, has adopted the two-part test for the guilt-innocence phase. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986); *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App.1987). Although the alleged error in this case occurred prior to trial, it dealt solely with the punishment phase of the trial. *See Ex parte Walker*, 794 S.W.2d 36 (Tex.Cr.App.1990). Therefore, the standard for determining whether the Appellant suffered ineffective assistance of counsel is the standard used before the Supreme Court handed down *Strickland v. Washington*.

The court articulated the pre-*Strickland* standard as follows: "[t]he right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel." *Ex parte Cruz*, 739

S.W.2d 53, 58 (Tex.Cr.App.1987); *see Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Cr. App.1980).

Testimony from the motion for new trial hearing showed that Tallant's trial counsel told Tallant on several occasions that probation was a "definite consideration," and would best be achieved by pleading guilty and allowing the court to assess punishment. Under the TEXAS RULES OF CRIMINAL PROCEDURE, a court is not permitted to place a defendant on probation for the crime of aggravated sexual assault. TEX.CODE CRIM. PROC.ANN. art. 42.12 § 3g(a)(1)(C) (Vernon 1988). The attorney never told Tallant that the judge could not give probation for the aggravated sexual assault charge. The trial court sentenced Tallant to life imprisonment for the aggravated sexual assault charge. In an unpublished opinion, we held that Tallant was denied effective assistance of counsel when his attorney recommended pleading guilty before the court in hopes of receiving a probated sentence, although the court was not permitted to order probation for the offense of aggravated sexual assault. *Tallant v. State,* 866 S.W.2d 642 (Tex.App.—Tyler, n.w.h.).

 While we agree Tallant's trial counsel did not give competent advice regarding the aggravated sexual assault charge, we cannot likewise conclude that the advice was incompetent as to the indecency with a child charge. There is no prohibition against ordering probation for indecency with a child in TEXAS CODE OF CRIMINAL PROCEDURE ANN. art. 42.12. Therefore, Tallant was not misinformed by his trial counsel when he was advised to plea guilty before the court in hopes of receiving a probated sentence for the indecency with a child offense. He was not prevented from making an informed and conscious choice regarding his right to a jury trial. *See Walker,* 794 S.W.2d at 37; *Ex parte Dunham,* 650 S.W.2d 825, 827 (Tex.Cr. App.1983).

Tallant also suggests that he was denied effective assistance of counsel when his attorney told him that the policy of the court was to allow an accused to withdraw his plea before the court if the court's sentencing was not satisfactory. The evidence in the state-ment of facts does not show that the trial court's policy was otherwise. Therefore, we cannot say, based on the record, that the trial court abused its discretion in overruling Appellant's motion for new trial. Appellant's points of error one and two are overruled.

In his supplemental brief, Tallant argues that the trial court erred in failing to admonish him about the effect of a guilty plea on a non-citizen of the United States. While there is no record of an oral admonishment, Tallant signed an "Acknowledgement of Admonishment," which stated the consequences of a guilty plea on a person who is not a citizen of the United States. Furthermore, Appellant presented no evidence that he was misled or harmed by the court's failure to orally admonish him. *See Blanco v. State,* 771 S.W.2d 598, 599 (Tex.App.—Corpus Christi 1989, no pet.); *Sims v. State,* 783 S.W.2d 786, 788 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Appellant's supplemental point of error is overruled.

The judgment of the trial court is affirmed.