**Patrick Michael REEVES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–01–00061–CR.**

Court of Appeals of Texas,
Eastland.

Jan. 17, 2002.

William T. Hughey, Law Office of William T. Hugley, Dallas, for appellant.

Bill Hill, Crim. Dist. Atty., Laura Anne Coats, Asst. Dist. Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

WRIGHT, Justice.

Upon his plea of no contest to the charge of aggravated assault with a deadly weapon, Patrick Michael Reeves was originally placed on deferred-adjudication community supervision for ten years. The terms and conditions of his community supervision were modified several times. Ultimately, the trial court adjudicated appellant's guilt and assessed his punishment at confinement for ten years. We modify and affirm.

■ Appellant presents two issues for review. In the first issue, he argues that the trial court had no jurisdiction to place appellant on deferred adjudication because the previous granting of a motion for new trial without a written order was void and was, therefore, a nullity. Generally, complaints that could have been raised in an appeal from an order placing a defendant on deferred adjudication may not be raised in an appeal from a subsequent judgment adjudicating the defendant's guilt. As stated by the Court of Criminal Appeals: "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Cr.App.1999). However, an exception to the general rule exists for void judgments. *Nix v. State*, 2001 WL 717453, —— S.W.3d —— (Tex.Cr.App. 2001)(not yet released for publication); see also *Jordan v. State*, 54 S.W.3d 783 (Tex. Cr.App.2001). A void judgment, such as one entered by a trial court with no jurisdiction to act, may be attacked at any time. *Nix v. State*, supra. Because appellant contends that the judgment is void, we will address the first issue on the merits.

■ The clerk's record contains a judgment dated September 15, 1993, placing appellant on deferred-adjudication community supervision. The reporter's record reflects that appellant had originally pleaded not guilty in August and that, on August 20, 1993, he had been tried by the court and placed on deferred-adjudication community supervision for ten years. Upon realizing that it was not authorized to grant deferred adjudication based on appellant's plea of not guilty,[1] the trial court held a hearing on September 15, explained the situation to appellant and his attorney, and granted appellant's oral motion for new trial. The trial court did not enter a written order granting the motion for new trial. The trial court then accepted appellant's plea of no contest and placed appellant on deferred adjudication for ten years. The effect of the September 15 hearing was merely to allow appellant to change his plea to no contest so that he could receive deferred adjudication.

■ Although an order granting a motion for new trial is required by TEX. R.APP.P. 21.8(b) to be in writing, the trial

---

**1.** See TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(a) (Vernon Supp.2002).

court was not without jurisdiction to enter the September 15 judgment. Even assuming that the trial court had entered a valid judgment on August 20, the trial court's plenary power had not expired on September 15. Cf. *State v. Garza,* 931 S.W.2d 560 (Tex.Cr.App.1996). Furthermore, the trial court had jurisdiction to enter the September 15 judgment because the purported original order deferring appellant's guilt upon his plea of not guilty was unauthorized and was, therefore, void. *Visosky v. State,* 953 S.W.2d 819, 820–21 (Tex.App.—Corpus Christi 1997, no pet'n); *Rodriguez v. State,* 939 S.W.2d 211 (Tex.App.—Austin 1997, no pet'n); *Mahaffey v. State,* 937 S.W.2d 51 (Tex.App.—Houston [1st Dist.] 1996, no pet'n); *Ludwick v. State,* 931 S.W.2d 752 (Tex.App.—Fort Worth 1996, no pet'n). Moreover, when a trial court finds a defendant guilty in a nonjury trial, it has authority to permit the defendant to withdraw his not guilty plea, substitute a plea of guilty or no contest, and apply for deferred-adjudication community supervision. *State v. Sosa,* 830 S.W.2d 204 (Tex. App.—San Antonio 1992, pet'n ref'd). Thus, we hold that the trial court had jurisdiction to enter the September 15 judgment placing appellant on deferred-adjudication community supervision. Appellant's first issue is overruled.

In his second issue, appellant contends that the judgment adjudicating his guilt contains a clerical error and asks this court to reform the judgment to reflect that the adjudication was based on a motion that was heard in February 1997 rather than a motion that was filed on November 14, 2000. Appellant's assertion is correct. The record from the December 2000 hearing, in which the trial court adjudicated appellant's guilt, shows that the trial court proceeded under the motion to adjudicate that was heard in February 1997. That motion, an amended motion to adjudicate, was filed on January 31, 1997.

The State responded to appellant's second issue by asserting that it has "no objection" to the requested modification. Consequently, we sustain appellant's second issue and order that the judgment be modified to reflect that appellant violated the terms and conditions "AS SET OUT IN STATES: JANUARY 31, 1997 AMENDED MOTION TO ADJUDICATE GUILT" thereby replacing the date of November 14, 2000, that is currently reflected in the judgment.

The judgment of the trial court is modified to reflect that the adjudication was based upon the January 31, 1997, amended motion to adjudicate guilt; and, as modified, the judgment is affirmed.