Affirmed and Opinion filed October 31, 2002
















Affirmed and
Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01502-CR

____________

 

JUSTIN ROBERT COBLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

______________________________________________

 

On Appeal from the County Criminal Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 0984701

 

______________________________________________

 

O P I N I O
N

            Appellant
entered a plea of not guilty to the offense of possession of marijuana.  He was convicted and the trial court assessed
punishment at 180 days in the Harris County jail,
probated for one year.  In a single
issue, appellant complains of ineffective assistance of counsel.  We affirm.




 








Factual Background

            On
the date of the offense, Deputy David Wilson of the Harris County Sheriff’s
Department was investigating a theft case at an apartment complex.  He knocked on the front door of an apartment,
but there was no answer.  He walked
around to the back of the complex and saw appellant and his co-defendant
running from the apartment.  When Wilson asked the
men to stop, they failed to obey his command. 
Deputy Wilson circled the complex and found the men walking back to the
apartment.  As he approached, he saw one
of the men drop a small plastic bag. 
Deputy Wilson asked them about the bag and asked for identification.  Both men denied possession of the bag and
appellant provided identification.  At
that moment, three juveniles approached Wilson and told
him four other juveniles had pulled a gun on someone.  Because Wilson needed to
further detain appellant and his co-defendant before he investigated the other
matter, he patted them down and placed them in his patrol car.  While patting down appellant, Wilson noticed a
hard object in appellant’s front pants pocket. 
Because the object could have been a weapon or contraband, Wilson retrieved
it from appellant’s pocket.  The object
was a marijuana pipe, which contained a small amount of marijuana.  After investigating the matter with the
juveniles, Deputy Wilson arrested appellant for possession of marijuana and
transported him to the Harris County jail.  During the booking process, appellant asked
Wilson if he could smoke the rest of the marijuana before going to jail as it
appeared he would be going to jail for possession.

            Prior
to trial, appellant filed a motion to suppress alleging Deputy Wilson did not
have probable cause to stop and search him. 
The trial judge carried the motion to suppress with the trial of the
possession charge.  At trial, appellant
stipulated that the substance in the pipe was marijuana.  The trial court denied appellant’s motion,
found him guilty of possession, and asked the attorneys for argument on
punishment.  The prosecutor recommended
jail time and the defense attorney asked for a fine.  The defense attorney also asked the court to
consider deferred adjudication.  The
trial court informed defense counsel that his client
was not eligible for deferred adjudication because he had pleaded not guilty
and been found guilty.  At that time, the
following exchange occurred:

MR. BRESTON [Defense counsel]:  Well, Judge, I mean, I thought – the only – I
thought – you know – it was my opinion, Judge, that what we were doing is just
doing a Motion To Suppress The Evidence.  And, that we feel that deferred adjudication
is an option.  And, because – you know –
we did not have an agreement because they weren’t agreeing to offer him
anything.  My agreement was to plead
guilty – you know – if he lost his Motion To
Suppress.  That’s what – you know – we
understood.

THE COURT:  But, we’ve already had a court trial on this,
Mr. Breston.

MR. BRESTON:  Well, the only issue was the Motion To Suppress, Judge.

MR. ROADY [prosecutor]:  Judge, the case reset form that was signed by
Mr. Briston, [sic] and by the Defendant, shows that
it was set for a court trial.

MR. BRESTON:  Well, that’s because – I mean, that’s because
Karen indicated to me that that’s the way you do your Motions To Suppress.

THE COURT:  Well, I’m sorry that you were confused on
this.  But, it still doesn’t do away with
the fact that we’ve already conducted the court trial on this.

MR. BRESTON:  I mean, Judge, my only issue was the Motion To Suppress.  And,
that’s why I’m asking you to give him deferred adjudication.

MR. DEXTER
[prosecutor]:  Your Honor, they signed a
jury waiver.  And, it’s clearly the intent
of all parties to have a court trial.  We
did the waiver here in open court.

MR BRESTON:  Well, I mean, I was told that the only way
that I could do a – a – a Motion To Suppress was to do
a waiver.

MR. DEXTER:  In addition to that, your Honor, he was
arraigned.  You don’t do that on a Motion
To Suppress.  

THE COURT:  Well, there’s some confusion here.  We could have had a Motion To
Suppress on this matter.  My only rule is
that you have a plea already arranged beforehand.  If there’s no plea agreement beforehand, then
I would just carry the Motion To Suppress with the
trial.  Why have two separate hearings
when it’s not dispositive of the case.

MR. BRESTON:  Well, I mean, I asked for a Motion To Suppress, Judge.

*
* * * *

THE COURT:  Well, I’ll tell you what we’ll do.  I’ll accept this.  And, then, let me think about this.  And, we’ll reset this for sentencing, then,
next week.

            Once
week later, at the conclusion of the sentencing hearing, the following
occurred:

MR. BRESTON:  And, Judge, at this time, I would like to
make an argument about asking for deferred, your Honor.  

It was my intention to try
the Motion To Suppress.  And, then, if we lost, plead to you, your
Honor.  And, I realize you know – that I
made a mistake – your [sic] know – if I wasn’t sufficiently clear on that.  But, that was my intention.  To try the Motion To
Suppress.  And, then, to – to – and
that’s why I thought the Motion would be dispositive
in the sense that it would take care of the case.  If we lost the Motion, then – you know – we
would plead guilty.  That’s why we’re
asking for deferred.

THE COURT:  Un[like] most
Judges, I did consider the issue of clemency, and since the trial.  But, that’s denied.

 

Standard of Review

            In a single point of error,
appellant claims he received ineffective assistance of counsel because his
counsel was confused and not prepared for trial.  To prevail on a claim of ineffective
assistance of counsel, the appellant must establish:  (1) that his lawyer’s performance fell below
an objective standard of reasonableness; and (2) that there is a reasonable
probability the result of the proceeding would have been different but for
counsel’s deficient performance.  

Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001) (citing Strickland v. Washington, 466 U.S.
668, 687 (1984)).  The review presumes
defense counsel’s actions were reasonable.  Id. at 63.  Failure to make the required showing of
either deficient performance or sufficient prejudice defeats the
ineffectiveness claim.  McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)

Discussion

            Appellant claims his counsel’s
performance was deficient in that he demonstrated confusion and a lack of basic
knowledge concerning eligibility for deferred adjudication.  Generally, the appellate record is not
sufficient to rebut Strickland’s
presumption that the challenged action of trial counsel was the result of
“sound trial strategy.”  Strickland, 466 U.S.
at 689.  In light of this presumption, a
substantial risk of failure accompanies a claim of ineffective assistance of
counsel on direct appeal because the record is simply underdeveloped and cannot
adequately reflect the failings of trial counsel.  Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999).  When presented with
such a record, appellate courts will not indulge in speculation to find
counsel’s performance deficient.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  In this case, however, we have the benefit of
counsel’s colloquy with the trial judge at the conclusion of the trial.  The record reflects that counsel’s trial
strategy was to seek deferred adjudication probation in the event the motion to
suppress was denied.

            Because appellant has failed to show
there is a reasonable probability the result of the proceeding would have been
different but for counsel’s alleged deficient performance we need not determine
whether counsel’s performance was ineffective. 
Appellant claims if his counsel had represented him effectively, the trial
court could have deferred a finding of appellant’s guilt and sentenced him to
deferred adjudication probation.  The
record reflects, however, that the trial judge considered defense counsel’s
apparent confusion and postponed sentencing for one week.  The trial judge was within his discretionary
authority to consider allowing withdrawal of appellant’s plea prior to
sentencing.  See Reeves v. State, 68
S.W.3d 828, 830 (Tex. App.—Eastland 2002, pet ref’d)
(noting that trial court has the authority to permit defendant to withdraw his
not guilty plea); Scott v. State, 860
S.W.2d 645, 646 (Tex. App.—Dallas 1993, no pet.) (finding
that the same principles that apply to the withdrawal of guilty pleas likewise
apply to the withdrawal of not guilty pleas); State v. Sosa, 830 S.W.2d 204, 205 (Tex. App.—San Antonio 1992, pet
ref’d) (finding no statutory or caselaw
authority which circumscribes the trial judge’s discretion to allow defendant
to withdraw not guilty plea).

            When the parties reconvened for
sentencing, defense counsel re-urged his plea for deferred adjudication,
restating his strategy to recommend that appellant plead guilty if the motion
to suppress was denied.  The trial judge
stated he had considered “the issue of clemency” and that it was denied.  Although the trial court’s statement that he
considered “the issue of clemency” was not precise, a reading of the entire
record reflects that the trial court did consider defense counsel’s confusion
and his desire that appellant receive deferred adjudication, but denied the
requested relief.  Therefore, appellant
received all the relief he would have received had his counsel done that which
appellant alleges he failed to do.  Even
if the trial court had allowed appellant to withdraw his plea and plead guilty or
nolo contendere, there was
no guarantee he would receive deferred adjudication probation.  The only relief appellant could have received
was that the trial court consider deferred adjudication probation, which it
did.  Thus, appellant has failed to show
the result of the proceeding would have been different but for his counsel’s
alleged ineffective assistance.  Because
appellant failed to meet the second prong of Strickland, we overrule his sole issue.

            The judgment of the trial court is
affirmed.

 

            /s/        Eva M.
Guzman

            Justice

 

Judgment
rendered and Opinion filed October
 31, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.3(b).