NO. 12-03-00309-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
PATRICK TYSON HATTON,                            §                APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Patrick Tyson Hatton appeals his conviction for driving while intoxicated. After pleading
guilty to the trial court, the court sentenced him to twenty years in prison. In his sole issue, Appellant
asserts his trial counsel was ineffective. We affirm.
 
Background
            A citizen called the Henderson County Sheriff’s Department to report a possible drunk driver. 
The caller gave a description of the vehicle, including the license plate number, and stated that the car
was being driven in an erratic manner. Within approximately two minutes of receiving this
information, Officer W.H. Houlett, of the Brownsboro Police Department, located the vehicle and
stopped it. When he approached the vehicle, he noticed a “very strong odor of alcohol” and saw an
open can of “Schlitz Malt Liquor” on the front seat. The driver, Appellant, admitted to drinking three
alcoholic beverages. Officer Houlett then administered some tests that Appellant performed poorly. 
Officer Houlett arrested Appellant for driving while intoxicated. 
            Appellant entered a plea of guilty before the court, without benefit of a plea bargain agreement. 
The trial court sentenced him to twenty years of imprisonment. Three days later, the trial court
appointed new counsel to handle this appeal. Appellate counsel filed a motion for new trial alleging
ineffective assistance of trial counsel and bias on the part of the trial judge. In that motion, he argued
that counsel was ineffective for failing to 1) challenge the admissibility of the evidence obtained as
a result of an allegedly illegal detention, search, seizure, and arrest; 2) adequately advise Appellant
concerning his option to have the jury assess punishment in light of the trial judge’s involvement in
an accident involving an intoxicated driver; and 3) move to disqualify the trial judge because of
personal bias or prejudice concerning the subject matter of this case. The motion also alleged that the
trial court committed material error by not recusing himself because of this alleged personal bias. 
Counsel also filed a motion to recuse the trial judge, which was considered and denied by a different
judge.
            Trial counsel was the first witness at the hearing on the motion for new trial. He explained that
he did not file a motion to suppress because he did not feel there was a high probability that it would
be granted. He felt that Officer Houlett had sufficient reason to stop Appellant’s car and investigate. 
He advised Appellant to enter a guilty plea based in part on the District Attorney’s agreement, upon
Appellant’s entering a guilty plea in this case, to dismiss a pending evading arrest case. He explained
that Appellant wanted to go before the judge, rather than a jury, for punishment because, under the
circumstances, only the judge could give him probation. Although familiar with the accident the trial
judge had been involved in, counsel did not feel a motion to disqualify the judge was warranted. 
            Appellant also testified at the hearing on the motion for new trial. He explained that he wanted
to go before a judge for punishment to get probation. However, he said that if he had known about
the trial judge’s accident, he would not have wanted him to assess his punishment. If the motion for
new trial is granted, he wants a different judge to hear his case.
 
Ineffective Assistance
            In his sole issue, Appellant asserts his conviction should be reversed because he received
ineffective assistance of counsel. He complains that trial counsel was ineffective when he failed to
file and assert a motion to suppress evidence obtained as the result of an illegal detention and arrest
and when he failed to advise Appellant as to the consequences of electing to have the trial judge assess
punishment even though the trial judge had been involved in an accident with a drunk driver.
 
Applicable Law
            The United States Supreme Court has established a two-part test, also adopted by Texas courts,
to determine whether the representation of counsel was effective. The defendant must show that (1)
counsel’s representation fell below an objective standard of reasonableness, and (2) there is a
reasonable probability that, but for counsel’s unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674, 693 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
Absent a showing of both prongs of the Strickland test, this court cannot conclude that a defendant’s
conviction resulted from a breakdown in the adversarial process such that it rendered the result
unreliable. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Claims of ineffective assistance of
counsel must be supported by the record. See Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim.
App. [Panel Op.] 1981). Appellant has the burden to establish his claims by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
Motion to Suppress
            Appellant asserts that a motion to suppress evidence would have been granted had trial counsel
filed and asserted it. Had it been granted and the evidence of Appellant’s intoxication held
inadmissible, the evidence would have been insufficient to support the conviction. Appellant argues
that his detention and arrest arose out of an anonymous tip received by the police. He complains that
the arresting officer only corroborated the descriptive facts but did not corroborate details linking
Appellant to the criminal activity alleged. Therefore, he argues, the anonymous tip, uncorroborated
by independent police work, did not exhibit sufficient indicia of reliability to justify the investigative
stop of Appellant’s vehicle.
            An officer may temporarily stop and investigate a vehicle if the officer has reasonable
suspicion based on articulable facts that the detainee is connected to unusual activity with some
indication that the activity is related to a crime. Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim. App.
1986). The test for “reasonable suspicion” requires consideration of the totality of the circumstances
confronting the police. Sandoval v. State, 860 S.W.2d 255, 258 (Tex. App.–Houston [1st Dist.] 1993,
pet. ref’d). Reasonable suspicion is dependent upon both the content of the information possessed by
police and its degree of reliability. Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416, 110
L. Ed. 2d 301 (1990). The reasonable suspicion required does not rise to the level of probable cause
such as is required to justify a warrantless search or arrest. Stone, 703 S.W.2d at 654. 
            While an anonymous tip or telephone call may, and usually will, justify the initiation of an
investigation, it alone will rarely establish the level of suspicion required to justify a detention. 
Alabama, 496 U.S. at 329, 110 S. Ct. at 2415-16; Clemons v. State, 605 S.W.2d 567, 570 (Tex. Crim.
App. 1980). There must be some further indicia of reliability, some additional facts from which a
police officer may reasonably conclude that the tip is reliable and a detention is justified. Alabama,
496 U.S. at 329, 110 S. Ct. at 2415-16. Corroboration by the law enforcement officer of any
information related by the informant may increase the reliability of the information. State v. Sailo,
910 S.W.2d 184, 188 (Tex. App.–Fort Worth 1995, pet. ref’d). However, corroboration of public facts
alone will not suffice to establish reliability of an anonymous informant whose credibility is unknown. 
Guevara v. State, 6 S.W.3d 759, 763 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d). The question
is whether the police officer, in light of the circumstances, confirms enough facts to reasonably
conclude that the information given to him is reliable in its assertion of illegality, not just its tendency
to identify a person, thus providing justification for a temporary detention. Sailo, 910 S.W.2d at 189. 
            Trial counsel explained at the hearing on the motion for new trial that the officer stopped
Appellant to do a welfare check, which did not require a high degree of necessity to pull the car over. 
Once stopped, the officer saw the open container in plain view and smelled the alcohol. Counsel
testified that he saw no wrongdoing on the part of the officer.
            Officer Houlett did not testify at the motion for new trial hearing. Because no motion to
suppress was filed and Appellant pleaded guilty, there was no opportunity for the officer to testify and
explain the details of the stop from his perspective. Our record does, however, contain Officer
Houlett’s report. In it he states that he “received a call that a citizen had called in a possible drunk
driver.” “Caller” gave the license plate number and description of a car, and “stated vehicle was
driving lane to lane and almost ran other vehicles off the roadway.” Officer Houlett located the
vehicle approximately two minutes later and stopped the vehicle. Our record also contains a probable
cause affidavit signed by Officer Houlett the day after the arrest. His narrative reads in part as follows: 
“H.C.S.D. had a citizen call in on YBV-36Y. Reported to be swerving from lane to lane, driving
eratic (sic). 1743 Houlett observed vehicle ID as reported. 1743 Houlett stopped vehicle, saw open
can of Schlitz Malt Liquor in front seat on subject’s right side.”
            The record shows that Officer Houlett quickly identified the vehicle that the caller referred to
and stopped it. This record does not indicate whether the caller identified himself when he called the
sheriff’s department. Therefore, the record does not show, as Appellant asserts, that the caller was
anonymous. On this record, we do not know the extent of trustworthiness to assign the caller’s
information. This record is also silent on whether Officer Houlett confirmed that Appellant was
driving in an erratic manner before stopping him. 
            As the movant at the motion for new trial hearing, Appellant was required to have produced
evidence that defeated the presumption of proper police conduct. Jackson, 973 S.W.2d at 957. 
Appellant failed to establish by a preponderance of the evidence that the citizen who called in the
report did so anonymously. Appellant also failed to establish by a preponderance of the evidence that
Officer Houlett did not have sufficient facts from which he could reasonably conclude that the tip was
reliable and a detention was justified. Appellant did not meet his burden to show the stop was invalid
or that a motion to suppress would have been granted on this ground. See id. Therefore, trial
counsel’s failure to file a motion to suppress did not constitute ineffective assistance. See id.
Failure to Properly Advise Appellant
            Appellant also asserts trial counsel was ineffective in failing to properly advise him regarding
whether to have a jury or the judge assess punishment. The trial judge had been involved in an
automobile accident with a drunk driver resulting in injuries to the judge and his wife and the death
of the drunk driver. Appellant was unaware of this information at the time he elected to have the
judge assess punishment. He argues that, without this information his attorney withheld from him,
his decision was not intelligently made. If he had been given this information, he could have asked
for his case to be transferred and heard by a judge who was not the victim of a drunk driver. Instead,
the trial judge who heard his case assessed the maximum penalty for the offense charged, as enhanced.
            At the hearing on the motion for new trial, Appellant’s trial counsel explained that Appellant
wanted to ask for probation, which only the judge, and not a jury, could grant. Counsel said he was
vaguely familiar with the trial judge’s accident and the idea of filing a motion to disqualify him
crossed his mind. He dismissed the idea because he did not feel it was warranted. He considered the
trial judge to be objective. Further, he did not like his alternatives. Considering all the judges in the
county who might get the case, he felt it best for Appellant’s case to remain where it was. 
            Appellant has the burden to overcome the strong presumption that counsel’s performance was
competent. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The reasonableness of counsel’s
actions may be determined or substantially influenced by the defendant’s own statements because
counsel’s actions are usually based, quite properly, on informed strategic choices made by the
defendant and on information supplied by the defendant. See id., 466 U.S. at 691, 104 S. Ct. at 2066. 
Appellant wanted to ask for probation. This is a perfectly good reason to have the trial court assess
punishment in a case where the jury could not give probation. Counsel also considered whether this
judge would be fair. Based on his experience, counsel determined there was no need to try to get the
case removed to another court. This constitutes a plausible basis in strategy for counsel’s actions. See
Ortiz v. State, 866 S.W.2d 312, 314-15 (Tex. App.–Houston [14th Dist.] 1993, pet. ref’d). Appellant
has not overcome the strong presumption that counsel’s performance was competent. See Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.
            Appellant cites to cases discussing a defendant’s right to elect between having his case heard
by a jury or by the judge. He also cites to the right of election under the Texas Code of Criminal
Procedure. At the hearing, Appellant testified that he wanted to go before the judge so he could ask
for probation. On cross-examination, he first said he wanted a different judge if the motion for new
trial is granted. Then he said if he had known about the trial judge’s accident, he would have had a
jury trial. On redirect, his counsel asked if he had understood what the prosecutor had just asked. 
When he indicated that he had not, his counsel asked if he would still want another judge to assess
punishment. He testified that he wanted another judge to hear the case so he could try to get
probation. 
            An accused is denied effective assistance of counsel when he is given advice that prevents him
from making an informed and conscious choice regarding his right to a jury trial. Tallant v. State, 866
S.W.2d 642, 643 (Tex. App–Tyler 1993, pet. ref’d). However, Appellant’s testimony at the hearing
does not indicate that he was denied his right to elect between a jury and a judge. He stated that he
wanted to be heard by a different judge. This sounds like an accusation of bias on the part of the trial
judge. Appellant made no attempt at the hearing on the motion for new trial to prove the trial judge
was biased. His motion to recuse the judge had earlier been denied by a different judge. He does not
attack that ruling on appeal.
            The record shows that Appellant had previously been convicted of two counts of intoxication
manslaughter and four separate driving-while-intoxicated offenses. At the hearing on the motion for
new trial, the trial judge noted that Appellant had been to prison for driving while intoxicated and for
killing two people in alcohol-related car accidents. The judge commented that, while understanding
that he has a drinking problem, Appellant solicited no help for the problem, and has now progressed
to driving while under the influence of drugs. “And that’s what got him the twenty years.” The trial
judge had adequate reason to assess a twenty-year sentence. It is pure speculation to say that a
different judge would have given him a different sentence.
            Appellant has not met his burden to establish that his trial counsel’s failure to tell him about
the trial judge’s accident caused counsel’s representation to fall below an objective standard of
reasonableness. Additionally, Appellant did not show that but for counsel’s actions, the results of the
proceedings would have been different. See Strickland, 466 U.S. at 691-92, 104 S. Ct. at 2066-67. 
We overrule Appellant’s sole issue.
 
Conclusion
            Appellant did not show by a preponderance of the evidence that the stop was invalid and that
a motion to suppress would have been granted. Further, he did not show by a preponderance of the
evidence that his trial counsel advised him improperly or, if he had known about the trial judge’s
accident, that the results of the proceeding would have been different.
            We affirm the trial court’s judgment.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)