11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jimmy
Ray Seastrunk

Appellant

Vs.                   No. 11-04-00099-CR --
Appeal from Eastland County

State
of Texas

Appellee

 

Jimmy Ray Seastrunk appeals his conviction
following his adjudication of guilt after he violated his community supervision
in connection with his having been placed on deferred adjudication for the
offense of aggravated assault by threat. 
The trial court, after finding numerous allegations of violations of
community supervision to be true, adjudicated Seastrunk guilty of the offense
of aggravated assault by threat and assessed his punishment at 18 years in the
Texas Department of Criminal Justice, Institutional Division.  In addition, the trial court made a finding
that a firearm was used or exhibited during the commission of the offense.  The trial court made a similar finding at the
time Seastrunk was originally placed on deferred adjudication.  In his sole issue, Seastrunk contends that
the trial court erred by failing to admonish him at the time of his original
plea that the trial court lacked the ability to place him on community
supervision because of the trial court=s
finding that a deadly weapon was used in the commission of the offense.  We affirm. 


A defendant placed on deferred adjudication
community supervision may raise issues relating to the original plea proceeding
only in appeals taken when deferred adjudication community supervision is first
imposed.  Manuel v. State, 994
S.W.2d 658, 661-62 (Tex.Cr.App.1999); Reeves v. State, 68 S.W.3d 828,
829 (Tex.App. - Eastland 2002, pet=n
ref=d). 
There is an exception to this rule where the trial court=s judgment is void.  Nix v. State, 65 S.W.3d 664, 668
(Tex.Cr.App.2001); Reeves v. State, supra at 829.  However, an involuntary plea due to an
improper admonishment does not constitute one of the rare situations in which a
judgment is void.  See Jordan v. State,
54 S.W.3d 783, 785 (Tex.Cr.App.2001).  








In urging that he may present this issue in this
appeal, Seastrunk relies on the opinions in Olowosuko v. State, 826
S.W.2d 940 (Tex.Cr.App.1992); Ex parte Cervantes, 762 S.W.2d 577
(Tex.Cr.App.1988); Reed v. State, 500 S.W.2d 137 (Tex.Cr.App.1973); Smith
v. State, 990 S.W.2d 893 (Tex.App. - Houston [1st Dist.] 1999), rev=d at 17 S.W.3d 660 (Tex.Cr.App.
2000); Martinez v. State, 953 S.W.2d 804 (Tex.App. - Corpus Christi
1997), rev=d
at 981 S.W.2d 195 (Tex.Cr.App.1998); and Tallant v. State, 866
S.W.2d 643 (Tex.App. - Tyler 1993, no pet=n).  We have examined all of these authorities and
find that only one, Martinez, could be construed as authority supporting
Seastrunk=s right
to appeal that his plea of guilty was the result of a faulty admonishment,
following his adjudication of guilt after having received deferred
adjudication.  In reversing the court of
appeals=s
judgment in Martinez, the Court of Criminal Appeals ruled on the merits
of the claim without considering the question as to whether Martinez could
raise it after the State had proceeded to adjudication.  Martinez v. State, supra at 197.  Even if we conclude that the court=s consideration of the merits
constituted a finding that the point was properly before the court, such a
finding would be inconsistent with the court=s
later decision in Jordan v. State, supra. 
We, therefore, overrule Seastrunk=s
sole issue because it presents nothing for review.  

            The order adjudicating Seastrunk=s
guilt is affirmed.

 

PER CURIAM

 

July
28, 2005

Do not
publish.  See TEX.R.APP.P.
47.2(b).

Panel consists of:
Wright, J., and

McCall, J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.