NOS.
12-09-00373-CR

     
12-09-00374-CR

     
12-09-00375-CR

     
12-09-00376-CR

     
12-09-00377-CR

     
12-09-00378-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

WILLIAM
DAVID DENNIE,                           §                 APPEALS FROM THE 8TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 RAINS
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

            William
David Dennie appeals his two convictions for aggravated sexual assault of a
child, two convictions for sexual assault of a child, and five convictions for
indecency with a child.  After finding him guilty, the jury assessed punishment
at eight ninety-nine year terms of imprisonment and one twenty year term of
imprisonment, and a total of $90,000.00 in fines.  In his sole issue, Appellant
contends his trial attorney provided ineffective assistance of counsel.  We
affirm.

 

Background

            In
June 2001, Appellant was indicted for numerous offenses against two children. 
Rather than face those charges, he chose to move out of state.  He was
eventually arrested and, in 2007, he was convicted of bail jumping and failure
to appear, for which he received a twenty year sentence and a $10,000.00 fine. 
See Dennie v. State, No. 12-07-00307-CR, 2009 Tex. App. LEXIS
1599 (Tex. App.–Tyler Mar. 4, 2009, no pet.) (mem. op., not designated for
publication).  

            In
October 2009, Appellant turned down a plea bargain offered by the district
attorney and pleaded not guilty to the two charges of aggravated sexual assault
of a child, two charges of sexual assault of a child, and five charges of indecency
with a child that were currently pending against him.  The jury found him
guilty and assessed the maximum penalty for each offense.

 

Ineffective
Assistance of Counsel

            In
his sole issue, Appellant asserts his trial counsel failed to provide effective
legal assistance.  He contends counsel was unable to assist him in assessing
the plea offer because counsel did not review any evidence before the
expiration of the plea negotiations.

Applicable
Law

            An
accused is denied effective assistance of counsel when he is given advice that
prevents him from making an informed and conscious choice regarding his right
to a jury trial.  Tallant v. State, 866 S.W.2d 642, 643 (Tex.
App.–Tyler 1993, pet. ref’d).  To prove ineffective assistance of counsel,
appellant must show that (1) trial counsel’s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability that, but for trial counsel’s
deficient performance, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688-92, 104 S. Ct. 2052,
2064-67, 80 L. Ed. 2d 674 (1984).    

There
is a strong presumption that counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  To overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State,
9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  

Discussion

More
than eight years after the indictments were presented, a pretrial hearing was
held in preparation for the following week’s trial.  In attendance were
Appellant’s court appointed attorney and an attorney who Appellant had just
retained.  At the hearing, the attorneys explained to the court that the
“files” on Appellant’s cases had been lost between the time the failure to
appear case was appealed and the current hearing.  Appellant’s new attorney
stated that he had read the transcript from the failure to appear trial, which
included “a good majority of the testimony” that will be introduced in the
upcoming trial.  In addition, he had reviewed some of the State’s photographic
evidence.  

Appellant
took the stand and testified that he and his new attorney had discussed his
cases for two or three hours that morning, including the status of his
representation and the plea offer that the State had made.  Appellant agreed
that counsel had adequately explained both the risks of switching counsel at
that point in the proceedings and the pros and cons of the State’s plea offer. 
He stated that he understood the pros and cons of the offer and had decided to
reject the State’s offer.  

On
cross examination, the prosecutor verified that Appellant understood that the
State offered him a twenty year sentence to run concurrently with his other
sentences.  Appellant said he understood that, upon conviction, he could
potentially receive a sentence that would be stacked on his prior sentences. 
The prosecutor went on to explain that, in addition to the several indicted
offenses for which he was about to be tried, there were a large number of
offenses on which indictments had not yet been sought.  He further explained
that each of those could be tried and the sentences stacked on each other,
leading to a likelihood that Appellant would never get out of prison. 
Appellant replied, “There’s a likelihood I never will anyway with the sentence
I already have.  I have nothing to lose.”  He then verified that he wanted to
pass up the State’s offer that had been relayed to him by his attorney.

Contrary
to Appellant’s assertion, his trial counsel was familiar with the facts of the
case.  Counsel had discussed it with Appellant, had read the reporter’s record
from the failure to appear case, in which the victims had testified, and had
reviewed photographic evidence provided by the State.  Appellant has not
presented any evidence of what his attorney told him or whether the attorney
recommended that Appellant take the offer or not.  Further, Appellant has not
argued or shown that he would have taken the plea offer, thus leading to a
different result, if counsel had been in possession of the entire file.  On the
contrary, Appellant’s testimony indicates that he understood his situation and
was willing to forego the twenty year sentence on the chance that the jury
would not believe the victims’ testimony.  On this record, we cannot conclude
that Appellant met his burden of proving that his decision to turn down the
State’s plea offer was made as a result of ineffective assistance of counsel.  See
Mitich v. State, 47 S.W.3d 137, 141 (Tex. App.–Corpus Christi 2001,
no pet.).  We overrule Appellant’s sole issue.

 

Disposition

We
affirm the trial court’s judgments.

 

 

                                                                                      
Sam Griffith   

                                                                                                 
Justice

 

 

 

 

Opinion delivered April 20, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)