# NOS. 12-09-00373-CR
# 12-09-00374-CR
# 12-09-00375-CR
# 12-09-00376-CR
# 12-09-00377-CR
# 12-09-00378-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM DAVID DENNIE,* *APPELLANT* | § | *APPEALS FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William David Dennie appeals his two convictions for aggravated sexual assault of a child, two convictions for sexual assault of a child, and five convictions for indecency with a child. After finding him guilty, the jury assessed punishment at eight ninety-nine year terms of imprisonment and one twenty year term of imprisonment, and a total of $90,000.00 in fines. In his sole issue, Appellant contends his trial attorney provided ineffective assistance of counsel. We affirm.

### BACKGROUND

In June 2001, Appellant was indicted for numerous offenses against two children. Rather than face those charges, he chose to move out of state. He was eventually arrested and, in 2007, he was convicted of bail jumping and failure to appear, for which he received a twenty year

sentence and a $10,000.00 fine.  *See Dennie v. State*, No. 12-07-00307-CR, 2009 Tex. App. LEXIS 1599 (Tex. App.–Tyler Mar. 4, 2009, no pet.) (mem. op., not designated for publication).

In October 2009, Appellant turned down a plea bargain offered by the district attorney and pleaded not guilty to the two charges of aggravated sexual assault of a child, two charges of sexual assault of a child, and five charges of indecency with a child that were currently pending against him.  The jury found him guilty and assessed the maximum penalty for each offense.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his sole issue, Appellant asserts his trial counsel failed to provide effective legal assistance.  He contends counsel was unable to assist him in assessing the plea offer because counsel did not review any evidence before the expiration of the plea negotiations.

## Applicable Law

An accused is denied effective assistance of counsel when he is given advice that prevents him from making an informed and conscious choice regarding his right to a jury trial.  *Tallant v. State*, 866 S.W.2d 642, 643 (Tex. App.–Tyler 1993, pet. ref'd).   To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-92, 104 S. Ct. 2052, 2064-67, 80 L. Ed. 2d 674 (1984).

There is a strong presumption that counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy.  *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).   To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

## Discussion

More than eight years after the indictments were presented, a pretrial hearing was held in preparation for the following week's trial.  In attendance were Appellant's court appointed attorney and an attorney who Appellant had just retained.  At the hearing, the attorneys explained to the court that the "files" on Appellant's cases had been lost between the time the failure to

appear case was appealed and the current hearing. Appellant's new attorney stated that he had read the transcript from the failure to appear trial, which included "a good majority of the testimony" that will be introduced in the upcoming trial. In addition, he had reviewed some of the State's photographic evidence.

Appellant took the stand and testified that he and his new attorney had discussed his cases for two or three hours that morning, including the status of his representation and the plea offer that the State had made. Appellant agreed that counsel had adequately explained both the risks of switching counsel at that point in the proceedings and the pros and cons of the State's plea offer. He stated that he understood the pros and cons of the offer and had decided to reject the State's offer.

On cross examination, the prosecutor verified that Appellant understood that the State offered him a twenty year sentence to run concurrently with his other sentences. Appellant said he understood that, upon conviction, he could potentially receive a sentence that would be stacked on his prior sentences. The prosecutor went on to explain that, in addition to the several indicted offenses for which he was about to be tried, there were a large number of offenses on which indictments had not yet been sought. He further explained that each of those could be tried and the sentences stacked on each other, leading to a likelihood that Appellant would never get out of prison. Appellant replied, "There's a likelihood I never will anyway with the sentence I already have. I have nothing to lose." He then verified that he wanted to pass up the State's offer that had been relayed to him by his attorney.

Contrary to Appellant's assertion, his trial counsel was familiar with the facts of the case. Counsel had discussed it with Appellant, had read the reporter's record from the failure to appear case, in which the victims had testified, and had reviewed photographic evidence provided by the State. Appellant has not presented any evidence of what his attorney told him or whether the attorney recommended that Appellant take the offer or not. Further, Appellant has not argued or shown that he would have taken the plea offer, thus leading to a different result, if counsel had been in possession of the entire file. On the contrary, Appellant's testimony indicates that he understood his situation and was willing to forego the twenty year sentence on the chance that the jury would not believe the victims' testimony. On this record, we cannot conclude that Appellant met his burden of proving that his decision to turn down the State's plea offer was made as a result of ineffective assistance of counsel. *See Mitch v. State*, 47 S.W.3d 137, 141 (Tex. App.–Corpus

Christi 2001, no pet.).   We overrule Appellant's sole issue.

**DISPOSITION**

We ***affirm*** the trial court's judgments.

    **SAM GRIFFITH**    

Justice

Opinion delivered April 20, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
