### Ex parte Garland WALKER.

### No. 70947.

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

Rehearing Denied June 27, 1990.

Garland Walker, pro se.

John Vance, Dist. Atty., Pam Berdainer, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P. A jury convicted applicant of aggravated robbery. The trial court assessed punishment, enhanced by proof of two prior felony convictions, at life in the Texas Department of Corrections.[1] The conviction was affirmed in an unpublished opinion. *Walker v. State*, No. 5–85–1096–CR (Tex.App.—Dallas, delivered November 14, 1986, no pet.).

Applicant contends that he was denied effective assistance of counsel during his trial because counsel failed to timely file a motion electing that the jury assess punishment. According to applicant and the affidavit of his trial counsel filed in response to this writ application, counsel informed applicant that the trial judge had earned a reputation as being very harsh when assessing punishment. Counsel advised applicant to have the jury set punishment, and applicant agreed. The attorney prepared and had applicant sign a motion electing to have the jury assess punishment if applicant were found guilty. After voir dire of the venire began, applicant's attorney realized that he had not filed the jury election. He attempted to file the jury election, but the trial court rejected it as untimely. See Arts. 27.02 & 37.07, § 2(b), V.A.C.C.P.

The error in this case occurred during jury voir dire but dealt solely with the penalty phase. Therefore, the standard for determining whether applicant suffered ineffective assistance of counsel is found in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr. App.1980), rather than *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ex parte Walker*, 777

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.

S.W.2d 427 (Tex.Cr.App.1989); *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App.1987).

The standard is whether applicant received reasonably effective assistance of counsel. *Duffy*, 607 S.W.2d at 516. In reviewing an attorney's assistance a court must examine the totality of the representation. *Walker*, 777 S.W.2d 427, 431 (Tex. Cr.App.1989); *Cruz*, 739 S.W.2d at 58. Fully stated, the test is "counsel reasonably likely to render and rendering reasonably effective assistance of counsel." *Duffy*, at 514, n. 4. "[W]e must judge a full scope of 'assistance'—representation, performance, delivery—for effectiveness rather than adequacy of ability or capacity to advise. The standard we retain mandates an examination both of competence, 'likely to render,' and of assistance, 'and rendering,' in determining effectiveness of counsel." *Duffy*, at 516, n. 17.

In the case at hand the trial judge made findings of fact that counsel filed numerous pretrial motions, conducted voir dire of the jury, cross-examined the State's witnesses, made numerous objections, made arguments at both phases of the trial, and preserved applicant's right to appeal. Counsel also investigated the facts and discussed the law and the facts with applicant.

In *Ex parte Dunham*, 650 S.W.2d 825 (Tex.Cr.App.1983), the applicant contended that he was denied effective assistance of counsel because his trial attorney persuaded him to waive his right to a jury trial so counsel would not need to prepare for voir dire of the jury panel. At the evidentiary hearing counsel admitted that at the time of trial he knew that this was bad legal advice and was not advantageous to applicant. This Court stated that among the factors to be considered under the *Duffy* standard was whether counsel's advice permits an informed and conscious choice. *Dunham*, 650 S.W.2d at 826. We found that applicant was denied effective assistance of counsel because he was not given competent advice and was prevented from making an informed and conscious choice regarding his right to a jury trial. *Id.* at 827.

In the instant case counsel gave competent advice about whether to have punishment assessed by the court or a jury. Counsel failed to effectuate applicant's decision, however. Although the attorney's advice enabled applicant to make an informed and conscious choice about the trier of fact in the penalty phase, counsel's inaction rendered applicant's decision meaningless. There is little difference in the effect of an attorney giving incompetent advice about whether to go before a jury and an attorney who provides competent advice but fails to carry out the defendant's decision to have a jury assess punishment.

After reviewing the full scope of counsel's assistance we conclude, based on our opinion in *Dunham*, that applicant was denied effective assistance of counsel. Applicant's choice to have the jury assess his punishment was nullified by his attorney's failure to file the jury election.

Accordingly, the judgment and sentence of the trial court is set aside, and we remand this cause to the trial court pursuant to Art. 44.29(b), V.A.C.C.P.

McCORMICK, Presiding Judge, dissenting.

In order to determine whether a single error may support a finding of ineffective assistance of counsel, we must first decide under which standard of review this error should be viewed. We have held that for error "dealing with the punishment or sentencing phase ... the two-prong test in *Strickland [v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] is not applicable...." *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App.1987). See also *Ex parte Walker*, 777 S.W.2d 427 (Tex.Cr. App.1989). The error in this case occurred during the voir dire but dealt solely with the penalty phase, and therefore, under our holding in *Cruz*, the *Strickland* test is inapplicable in this case.

The appropriate test is whether, based on the totality of the representation, counsel was reasonably likely to render reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). The right to counsel does not include the

right to errorless counsel. *Ex parte Cruz,* supra. Counsel's actions are not to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981). Further, the burden of proof in post-conviction habeas corpus is on applicant. *Ex parte Alexander,* 598 S.W.2d 308 (Tex.Cr.App. 1980).

The record reflects, and the trial judge found, that counsel properly and timely filed several other motions, investigated the facts, interviewed witnesses and reviewed witness statements, spoke several times with applicant regarding the law and the facts, made well-reasoned decisions as to whether to call certain witnesses and gave applicant informed advice on whether to testify.

As soon as counsel learned of his failure timely to file the election, he immediately sought to remedy the error by asking the trial court's permission to file it late. Counsel diligently attempted to undo his oversight. Instead of being indicative of an attorney who was not likely to render effective assistance of counsel, the steps taken, up to and including the attempt to have the trial court accept the election untimely, evidence a lawyer who worked diligently for his client but committed a single mistake.

In *Ex parte Walker,* the record was replete with error in the punishment phase. We found errors ranging from repeated solicitation of damaging hearsay from the State's witnesses, to opening the door to evidence of two otherwise inadmissible robberies, to failure to timely appeal another aggravated robbery conviction which would have prevented its use. In that case we considered the errors, weighed them against the totality of the representation, and found the representation not reasonably effective.

Weighing all the facts in their proper context against the error in this case, this particular error was not sufficient to render the total representation ineffective. Based on these facts, applicant has not met

his burden to show ineffective assistance of counsel.

I respectfully dissent.

W.C. DAVIS, WHITE and BERCHELMANN, JJ., join this dissent.