IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-89-227-CR




JOSEPH SANCHEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 94,105, HONORABLE BOB JONES, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated assault. 
Tex. Pen. Code Ann. § 22.02 (1989), since amended. The district
court assessed punishment at imprisonment for ten years.

 During an argument on the afternoon of September 23,
1988, appellant struck Annette Sanchez, his former wife, with his
fists and stabbed her with a knife. Appellant does not contest the
sufficiency of the evidence to sustain the conviction.

 Appellant contends the district court erred by overruling
his request that the jury assess punishment. This request was
first made before the last defense witness testified, and was
renewed after the verdict of guilt was returned.

 As a general rule, a defendant who wants the jury to
assess punishment must so elect in writing before the voir dire of
the jury panel begins. Tex. Code Cr. P. Ann. art. 37.07, § 2(b)
(Supp. 1991). Appellant made no such election in this cause. 
Instead, appellant relies on the last sentence of § 2(b), which
provides that upon a finding of guilt "the defendant may, with the
consent of the attorney for the state, change his election of one
who assesses the punishment."

 In Toney v. State, 586 S.W.2d 856 (Tex. Cr. App. 1979),
the court wrote:


Under the language of Art. 37.07, Sec. 2(b) . . . failure
to make an election in writing to have the jury assess
punishment is not an election to have the judge assess
punishment. Rather, the failure of appellant to file an
election merely means that by operation of the Code of
Criminal Procedure, the court must assess punishment.



586 S.W.2d at 858. Thus, the election to have the jury assess
punishment must be made before voir dire begins. The defendant who
timely elects to go to the jury for punishment may with the consent
of the State choose to submit the question of punishment to the
court after a finding of guilt, but the defendant who fails to
elect jury punishment prior to jury voir dire may not make that
election after a finding of guilt.

 We acknowledge that there is dicta supporting appellant's
interpretation of art. 37.07, § 2(b). See Benson v. State, 496
S.W.2d 68, 70 (Tex. Cr. App. 1973). However, appellant's point of
error still fails because the record does not reflect that the
attorneys for the State consented to appellant's request that the
jury assess punishment. There is an indication in the record that
the assistant district attorneys trying this case were considering
giving their consent, but such consent was never expressed. The
point of error is overruled.

 Appellant next complains that the trial court erred by
permitting the State to question him about his deferred
adjudication for an assault against his wife. The challenged
question was asked during cross-examination, after appellant
testified on direct that he accidentally stabbed his wife's leg
while defending himself against her attack.


Q And you want this jury to believe that if you had to
protect yourself, if you had to save your life if you
were in as much fear as you say you were, you couldn't
have subdued her if she had no weapons and you had no
weapons? You're saying she could have whipped you?


A It might have happened that way. She's not what she
appears.


Q And you're saying that you would not have been able to
subdue her. She would have been able to whip you? Is
that what you're saying?


. . .


Q And isn't it a fact that you're the one who whips up
on her?


A Is it a fact that I'm the one that what?


Q That whips up on her.


. . .


A No.


Q That's not the case?


A No.


Q You don't physically whip up on her. That's not what
happens.


A No.


Q You never have?


. . . 


Q You've never whipped up on her?


A No.


Q Never? All right. Mr. Sanchez --


A I have.


Q That's all right.


A Yes, I have.


Q Excuse me.


. . .


Q Mr. Sanchez, you just testified you've never whipped
up on Annette Sanchez. Isn't it true that you're being
supervised out of Bexar County, Texas, for assaulting
this very woman, Annette Sanchez?


A Yes.



 Appellant points out that the Bexar County deferred
adjudication was not a conviction with which he could be impeached
under Tex. R. Cr. Evid. Ann. 609 Pamph. (1991). See Green v.
State, 663 S.W.2d 145 (Tex. App. 1983, pet. ref'd). Nor can it be
said that appellant "opened the door" to the impeachment by his
answers to the prosecutor's questions. After first denying it,
appellant admitted "whipping up" on his former wife; there was
nothing to impeach. Moreover, the State may not use cross-examination to prompt or maneuver a defendant into making a
statement on a collateral matter for the purpose of impeaching him
with otherwise inadmissible evidence. Martinez v. State, 728
S.W.2d 360 (Tex. Cr. App. 1987); Shipman v. State, 604 S.W.2d 182
(Tex. Cr. App. 1980). However, appellant did not object to the
prosecutor's question as being improper impeachment, and this
contention was not preserved for review.

 We are satisfied that the error was harmless in any
event. Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1991). That the
marriage of Joseph and Annette Sanchez was marred by frequent and
violent arguments was established through the testimony of both
principals. There was also testimony that appellant often struck
his wife during these arguments (and that occasionally she struck
him) and that the police were sometimes called to intervene. Under
the circumstances, we conclude that the objectionable impeachment
did not contribute to the finding of guilt.

 In his two remaining points of error, appellant contends
that he did not receive effective assistance of counsel at trial. 
Appellant relies primarily on the opinion in Ex parte Walker, 794
S.W.2d 36 (Tex. Cr. App. 1990). In that case, trial counsel was
found to be ineffective for failing to timely file the defendant's
written election to have the jury assess punishment. The evidence
in Walker showed that prior to trial the attorney informed the
defendant that the judge assessed harsh punishments, advised the
defendant to go to the jury for punishment, and prepared a written
election for the defendant's signature, but then failed to timely
file the election.

 In the cause before us, counsel informed the court that
he "always" filed a jury election, that he "certainly intended" to
file one in this cause, and that "he [appellant] wanted it that
way." It cannot be concluded from these general remarks that
counsel was guilty of the neglect of duty demonstrated in Walker. 
The circumstances surrounding counsel's belated effort to elect
jury punishment are too sketchy to warrant a finding of
ineffectiveness on this ground.

 As further evidence of ineffectiveness, appellant points
to counsel's failure to object to the State's use of the Bexar
County deferred adjudication for impeachment. We have already
determined that this was, at most, harmless error. It follows that
the result would not have been different but for this error by
counsel. Strickland v. Washington, 466 U.S. 668 (1980); Hernandez
v. State, 726 S.W.2d 53 (Tex. Cr. App. 1986).

 The performance of trial counsel must be judged by the
totality of the circumstances rather than by isolated acts or
omissions. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App.
1986). That another attorney might have pursued a different course
of action at trial will not support a finding of ineffectiveness. 
Walston v. State, 697 S.W.2d 517, 519 (Tex. App. 1985, pet. ref'd). 
The burden of proving ineffective assistance of counsel by a
preponderance of the evidence rests upon the convicted defendant. 
Moore v. State, 694 S.W.2d 528, 531 (Tex. Cr. App. 1985). 
Appellant has not met that burden.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 14, 1991

[Do Not Publish]