TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00483-CR







Harold Norman Mitchamore, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0390-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






 Appellant, Harold Norman Mitchamore, Jr., was indicted for the aggravated sexual
assault of his step-daughter. See Tex. Penal Code Ann. § 22.021 (West Supp. 1997). Appellant
pleaded guilty to the charge, and the jury assessed punishment at sixty years' imprisonment. In a
single point of error, appellant contends he received ineffective assistance of counsel during the
punishment phase of his trial. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 On January 2, 1995, appellant's wife discovered her daughter's diary containing
references to sexual abuse by appellant. Upon being confronted by her mother, the child
acknowledged the abuse, and the incident was reported to police. Appellant originally denied any
wrongdoing and agreed to submit to a polygraph examination. However, after failing the polygraph,
appellant confessed to the offense. Appellant pleaded guilty to the charge of aggravated sexual
assault of a child and requested that the jury assess punishment. Upon considering the evidence, the
jury assessed punishment at sixty years' imprisonment. This appeal followed.


DISCUSSION


 In a single point of error, appellant contends he received ineffective assistance of
counsel. Specifically, appellant argues his trial counsel was ineffective in: (1) allowing into
evidence prior alleged acts of misconduct between appellant and the victim; (2) failing to file a
motion pursuant to Rule 404(b) of the Texas Rules of Criminal Evidence; (3) allowing into evidence
appellant's failure of a polygraph test about the offense at issue; (4) failing to object to testimony of
the victim's counselor; and (5) failing to request a limiting instruction as to the jury's consideration
of appellant's extraneous acts.

 The burden of proving ineffective assistance of counsel is on the appellant and
requires proof by a preponderance of the evidence. Cannon v. State, 668 S.W.2d 401, 403 (Tex.
Crim. App. 1984). Because appellant's complaint concerns alleged errors which occurred at the
punishment phase of the trial, we apply the test announced in Ex parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980), rather than the two-pronged test set forth in Strickland v. Washington, 466 U.S.
668 (1984). The test for effectiveness of counsel during the punishment phase of a non-capital
offense is (1) whether counsel was reasonably likely to render effective assistance, and (2) whether
counsel did reasonably render effective assistance. Craig v. State, 825 S.W.2d 128, 129-30 (Tex.
Crim. App. 1992) (citing Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990); Duffy, 607
S.W.2d at 514 n.14). This standard is the substantive equivalent of the first prong of the Strickland
test. Valencia v. State, No. 0049-95, slip. op. at 4 (Tex. Crim. App. January 22, 1997). (1)

 In determining whether counsel's trial performance was deficient, judicial scrutiny
must be highly deferential. In determining whether an appellant has met the first prong of
Strickland, a reviewing court must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Because the
test set forth in Duffy is the substantive equivalent of the first prong of Strickland, we apply this
presumption in the present case. Additionally, an ineffectiveness-of-counsel claim cannot be
demonstrated by isolating one portion of counsel's representation, but instead must be judged on the
totality of the representation. Strickland, 466 U.S. at 670; McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 Appellant has the burden of proving ineffective assistance of counsel. See Cannon,
668 S.W.2d at 403. In the present case, no motion for new trial was filed. Thus, appellant has not
brought to this Court any evidentiary record showing the reasons for his attorney's actions, and we
can only speculate on trial counsel's strategy. Due to the absence of evidence concerning counsel's
reasons--or lack thereof--for his actions, we are unable to conclude that his performance was
deficient. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As previously
discussed, we must presume that appellant's counsel was better positioned than this Court to judge
the practicalities of the particular case and that he made all significant decisions in the exercise of
reasonable professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App.
1992). In the absence of evidence demonstrating the reasons for counsel's actions, the record in the
instant case does not rebut the presumption of effectiveness afforded trial counsel's decisions. See
Jackson, 877 S.W.2d at 772 (Baird, J., concurring). We overrule point of error one.


CONCLUSION


 Having overruled appellant's point of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 24, 1997

Do Not Publish
1. To show ineffective assistance of counsel at the guilt-innocence phase of the trial a
defendant must show: (1) counsel's performance fell below an objective standard of reasonableness 
under prevailing professional norms; and (2) there is a reasonable probability that but for counsel's
deficient performance, the result of the proceeding would have been different. See Strickland, 466
U.S. at 687; see also Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986) (adopting
Strickland as standard under Texas Constitution).



ant's extraneous acts.

 The burden of proving ineffective assistance of counsel is on the appellant and
requires proof by a preponderance of the evidence. Cannon v. State, 668 S.W.2d 401, 403 (Tex.
Crim. App. 1984). Because appellant's complaint concerns alleged errors which occurred at the
punishment phase of the trial, we apply the test announced in Ex parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980), rather than the two-pronged test set forth in Strickland v. Washington, 466 U.S.
668 (1984). The test for effectiveness of counsel during the punishment phase of a non-capital
offense is (1) whether counsel was reasonably likely to render effective assistance, and (2) whether
counsel did reasonably render effective assistance. Craig v. State, 825 S.W.2d 128, 129-30 (Tex.
Crim. App. 1992) (citing Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990); Duffy, 607
S.W.2d at 514 n.14). This standard is the substantive equivalent of the first prong of the Strickland
test. Valencia v. State, No. 0049-95, slip. op. at 4 (Tex. Crim. App. January 22, 1997). (1)

 In determining whether counsel's trial performance was deficient, judicial scrutiny
must be highly deferential. In determining whether an appellant has met the first prong of
Strickland, a re