*1444-15*

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 2 0 2015

Abel Acosta, Clerk

NO. 11-14-00341-CR

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| ANTHONY DON JACKSON | § | |
| VS. | § | TRIAL COURT NO. CR42226 |
| THE STATE OF TEXAS | § | |

<u>PETITION FOR DISCRETIONARY REVIEW</u>

FILED IN
COURT OF CRIMINAL APPEALS

NOV 20 2015

Abel Acosta, Clerk

Anthony Don Jackson #1955206
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

## TABLE OF CONTENTS

Table of Contents.......................................................i

Table of Authorities...................................................ii

Statement of Oral Aurgument...........................................iii

Statement of the Case.................................................iv

Statement of Procedural History.......................................iv

Grounds for Review:

    Ground No. 1: The trial court erred in failing to conduct a hearing on Appellant's Motion for New trial....1

    Ground No. 2: Defendant was not afforded the right to a fair trial.....................................3

    Ground No. 3: Ineffective assistance of counsel during trial and on appeal.............................3

    Ground No. 4: The evidence is legally insufficient to support the Appellant's conviction............7

Statement of Facts.....................................................v

Arguments and Authorities:

    Ground No. 1: The trial court erred in failing to conduct a hearing on Appellant's Motion for New Trial Trial.................................2,3

    Ground No. 2: Appellant was not afforded the right to a fair trial.....................................3

    Ground No. 3: Ineffective assistance of counsel at trial and on appeal...............................4,7

    Ground No. 4: The evidence is legally insufficient to support the Appellant's conviction........7,8,9

Prayer.................................................................9

Certificate of Service.................................................

# TABLE OF AUTHORITIES

Adames v. State...........................................................7

Brady v. United States, 357 U.S., 90 S.Ct. 1463.................5

Brooks v. State, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)

        (pularity op.).................................8

Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)..8

Evans, 690 S.W.2d 276-277.....................................5

Hobbs v. State, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).....1

Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim App. 2007)........8

Jackson v. Virginia, 443 U.S. 307 (1979)....................7,8

Jonhson v. State, 712 S.W.3d 6 (Tex. Crim. App.-Austin 2005)

        pet. ref'd..................................5

King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)......8

Matlock v. State, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013)...7

Mooney, 817 S.W.2d at 693, 697 (Tex. Crim. App.)..............3

Perez v. State, 310 S.W.3d 890, 893, 893 (Tex. Crim. App. 2010)4

Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2010)...4

Smith v. State, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).....1

Strickland v. Washington, 466 U.S. 668, 687, 688, 689, 694; 104

        S.Ct. 2052, 80 L.Ed.2d 674 (1984)..3,4

Ex parte Walker, 794 S.W.2d 36 (Tex. Crim. App. 1990)..........5

Wise v. State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)......8

## STATUTES

Texas Penal Code, §22.01 (a)(1)(b)(2)(A) (West 2014)...........v

STATEMENT OF ORAL ARGUMENT

Oral argument waived.

Executed on this the 15th day of November, 2015.

Respectfully submitted,

_Anthony Don Jackson_
Anthony Don Jackson #1955206
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

-iii-

## STATEMENT OF THE CASE

The Appellant was indicted for the offense of assault family violence with a prior. After he was convicted, the State filed a Notice of Enhancement alleging 3 prior felony convictions and he was sentenced to twnety-five years in the institutional Division of the Texas Department of Crimnal Justice.

## STATEMENT OF PROCEDURAL HISTORY

The Eveventh Court of Appeals reviewed Defendant's appeal from the 441st District Court. On October 15, 2015 the Court of Appeals affirmed the trial courts decision. There was no motion for rehearing filed.

## STATEMENT OF FACTS

Anthony Don jackson was indicted for the felony offense of assault family violence with a prior conviction. Tex. Pen. Code §22.01(a)(b)(2)(A)(West 2014.) [CR-7]. On April 22, 2014 a jury returned a guilty verdict. [CR-25]. The Appellant requested his attorney file the papers so the punishment would be assessed by jury. Trial counsel failed to file a timely motion for the sentencing phase of the trial, prior to punishment phase of trail, the State filed a Notice of Emhancement. [CR-40]. As a result, Appellant was facing a sentence of 25 years to life. Before trial Appellany expressed his dissatisfaction with the way his court appointed counsel was handling his case, ans asked that new counsel be appointed. After several failed attempts to get new counsel for trial purposes, one was finally appointed for the sentencing phase of trial. After the sentencing hearing, the Appellant filed a Motion for New Trial and requested a hearing. [CR-83]. The trial court set the Motion for hearing, but instead of conducting the hearing, the court denied by written order the Motion for New Trial. [CR-87-88]. Appellant filed his Notice of Appeal. [CR-83].

ARGUMENTS AND AUTHORITIES

GROUNDS FOR REVIEW:

GROUND NO. 1: The trial court erred in failing to conduct a hearing on Appellnat's Motion for New Trial.

## STANDARD OF REVIEW

A trial court's denial of a Motion for New trial is reviewed for abuse of discretion; a reversal is required only if the decision to deny the hearing was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. Smith v. State, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The purpose of a hearing on a Motion for New trial are (1) to determine whether the case should be retried and (2) to prepare a record for presenting issues on appeal if the motion id denied. Id. at 388. A hearing on a Motion for New Trial is not an absolute right. Id. A hearing on a Motion for New Trial is not required when the matters raised in the Motion for New Trial are subject to being determined from the record. Id. However, a trial court abuses its discretion in failing to hold a hearing if the Motion (1) raises matters that are not determinable from the record, and (2) establish reasonable grounds showing the Defendant could potentially be entitled to relief. Hobbs v. State, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009)

ARGUMENT

On October 17, 2015 the Appellant filed a Motion for New Trial. He claimed ineffective assistance of counsel. He alleged he was denied effective assistance of counsel both pre-trial and during trial. Counsel failed to advise him of the proper punishment range, prior to trial.Counsel informed Appellant prior to trial of a punishment range of 25-99 years, not the 2-20 he told the jury of. Counsel failed to inform him of his right to be sentenced by the jury. Counsel failed to inform the judge that Appellant requested to be sentenced by the jury.

On October 18, 2014 the trial court signed an order setting the Motion for a hearing on November 21,2014 at 1:30 PM.. On October 23, 2014 the trial court signed an order denying the Motion for a new trial. This trial court never held or conducted a hearing.

This court erred in not conducting the hearing and in denying the Motion for a New Trial. A hearing was necessary to prepare a record for the issue of ineffective assistance of counsel.And additional evidence was necessary to prepare the record if the court were to deny the claim of ineffective assistance of counsel. The trial court abused it's discretion because the claim of ineffective assistance of counsel was not determinable from the record, and the hearing was necessary in order for the Appellant to establish reasonable grounds showing that he could be potentially entitled to relief.

A Motion for New Trial is pre-requisite to presenting a point of error on appeal only when necessary to adduce facts not in the record. When a material witness has been kept from court

-2-

by force, threats, or fraud or when evidence tending to establish the Defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial.

GORUND NO. 2: Appellant was not afforded the right to a fair trial.

## ARGUMENT

Appellant's witnesses, Norman Banks, Fredrick Henry, and Nancy the defense counsel's private investigator, was never called to testify on Appellant's behalf. Trial attorney failed to inform them that they would be needed to testify in Appellant's behalf. Trial attorney failed to cross-examine the arresting officer.

During the instruction to the jury, the District Attorney informed the jury of prior convictions of Appellant. Thorough investigation was detrimental in proving Appellant's innocence, with the video survelance from the store where alleged incident occurred. See Mooney, S.W.2d at 693, 697 (Tex. Crim. App.).

GROUND NO. 3: Ineffective assistance of counsel during trial and on appeal.

## STANDARD OF REVIEW

Strickland v. Washington, defines the components required show ineffective assistance of counsel 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two required components

-3-

are a performance conponent and a prejudice component. Id. First the Defendant must show that counsel's performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning at the counsel guaranteed by the 6th Amendment. Perez v. State, 310 S.W.3d 890, 892, 93 (Tex. Crim. App. 2010). To satisfy this prong of the analysis, the Defendant "must show that counsel's representation fell below an objective standard of reasonableness" based upon "professional norms". Strickland, 466 U.S. at 688. For this performance inquiry, we consider all circumstances with "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Id. at 688-89.

Second, the Defendant must show that counsel's deficient performance prejudiced the defense. Perez, 310 S.W.3d at 893. This requires the Defendant to show that counsel's errors "were so serious as to deprive the Defendant of a fair trial, a trial whose result is reliable." Id. (Strickland, 466 U.S. at 687). To satisfy this element, the "Defendant must show that there was a reasonable probably that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. (Strickland, 466 U.S. at 694). The Defendant has the burden of proving ineffectiveness by a preponrdeance of the evidence. Id. Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).


## ARGUMENT

Trial counsel informed Appellant that he had arranged a 6 year plea bargain during the lunch break on the day of

trial. Defendant also was misled by trial counsel into believing that he was facing a punishment range of 25-99 years until one of the jurors asked the punishment range for that type of offense. Counsel failed to inform him that he had a right to be sentenced by a jury. Trial attorney failed to inform the judge of his request of being sentenced by a jury, because he never intended for the jury to impose a sentence. He had a 6 year plea bargain already in place with the District Attorney without Appellant's knowledge. Trial counsel failed to call witnesses, Norman Banks, Fredrick Henry, store clerk at the time of the incident, and the investigator for the defense who informed the Defendant of a video that would show this incident never occurred.

Trial counsel failed to file a timely motion for the jury to assess punishment. (Ex parte Walker, 794 S.W.2d 36, (Tex. Crim. App. 1990), Johnson v. State, 172 S.W.3d 6 (Tex. Crim. App.-Austin 2005) pet. ref'd.

Jackson responds that the statute should apply retroactively because he entered his refusal to take the stand on his behalf, without being informed of the devastating consequences of his refusal. His contention is that because he was not informed of the relevant refusal consequences before his refusal, and his refusal was involutary. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463. Erroneous advise of an attorney and/or judge. Evans, 690 S.W.2d, 276-277.

Trial counsel did not subpeona any medical records of alleged victims injuries. Trial counsel did not get the phone records from the jail where Mr. Jackson was held, where she

threatened to pay him back. Alleged victim had existing knee injury with same leg. It was even admited during trial.

Trial counsel did not ask, under cross-examination, of the arresting officer and the alleged victim any questions provided by Appellant.

Defense counsel has a duty to conduct a thorough independent investigation of the facts of the crime alleged against his client. Regardless of the clients representations. The express purpose of the required investigation is to enable defense counsel to have a firm command of the facts of the case and governing law. By not producing the video from the store where the incident occurred, he did not provide a thorough investigation.

Effective assistance of counsel is essential to assure defendants fundamental rights to a fair trial, because it's through counsel that a defendant's other rights are secured and the prosecutions case is subjected to meanful adversarial testing.

Appellate counsel filed a Motion for New Trial on October 17, 2014. This Motion was notarized on October 17, 2014. Appellant was not aware of the contents of this Motion, and was not present when this Motion was notarized because he was already in TDCJ, but he does acknowledge signing a paper without any Motion attached, and without any notary present. Records will show that he was already incarcerated in TDCJ.

Appellate counsel was informed of trial counsel refusal to

-6-

bring to light evidence and/or witnesses which may have proven his innocence beyond a reasonable doubt. Evidence such as video of the incident, defense investigator's report, medical records, phone records, trial records showing where trial attorney admitted to judge of him not informing Appellant of his right to have punishment assessed by the jury. Witness not called were Norman Banks, Fredrick Henry, the store clerk at the time of the incident, and the defense attorney's investigator.

GROUND 4: The evidence is legally insufficient to support the Appellant's conviction.

## STANDARD OF REVIEW

The court reviews sufficiency of the evidence under the standard set out in Jackson v. Virginia, 443 U.S. 307 (1979). Matlock v. State, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). The court examines all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Matlock, 392 S.W.3d at 667. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319; See also Adames v. State, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011. The jury, as the fact finder, is entitles to judge the credibility of the witnesses, and can choose to believe all, some, or none of the

-7-

testimony presented by the parties. <u>Chambers v. State</u>, 805 S.W. 2d 459, 461 (Tex. Crim. App. 1991); See also <u>Wise v. State</u>, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("the factfinder exclusively determines the weight and credibility of the evidence."). The court defers to the jury's determinations of credibility, and may not substitute our judgment for that of the jury. <u>Jackson</u>, 443 U.S. at 319; <u>Brooks v. State</u>, 323 S.W.3d 893 ,899 (Tex. Crim. App. 2010)9plurality op.); <u>King v. State</u>, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." <u>Hooper v. State</u>, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." <u>Wise</u>, 364, S.W.3d at 903.


ARGUMENT

The evidence was legally insufficient due to the fact no medical records were entered into evidence to show that the injuries were consistent with Mrs. Hoyles testimony. The pictures which were entered into evidence by the District Attorney were blurry and inconclusive as to the injury, and the date in which it may have occurred. Mrs. Hoyle has a mentally disabled son who has a pattern of acting out physically violent when trying to perform day to day activities, such as getting him dressed. Mrs. Hotle has admitted to having problems with her leg prior to this

incident.

Because officer Robert's failure to do a thorough investigation he was unable to obtain evidence of a video from the store where the incident ocurred. The evidence is insufficient to sustain a guilty verdict. The Appellant requests this court reverse the jury's decision and render a judgment of acquittal.

## PRAYER

As Appellant is not a legal expert, and does not have legal knoledge, he prays that the court reverse the decision made by the Court of Appeals, and remand this case for a New Trial. Appellant prays for such other and further relief to which he may be entitled to at law and equity.

Executed on this the ___15th___ day of November, 2015.

Respectfully submitted,

*Anthony Don Jackson*

Anthony Don Jackson #1955206
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022



In The

# Eleventh Court of Appeals

No. 11-14-00341-CR

## ANTHONY DON JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42226**

## MEMORANDUM OPINION

The jury convicted Anthony Don Jackson of felony assault of a member of his household (assault-family violence) with a prior conviction of felony assault of a member of his household. The State alleged three enhancement paragraphs that it intended to prove during the punishment phase of trial; Appellant pleaded "not true" to all of them. The trial court found that all enhancement allegations were "true," and it assessed punishment at confinement for twenty-five years and a fine of $5,000.

The trial court then sentenced Appellant. Appellant asserts a challenge to the sufficiency of the evidence. Appellant also complains that the trial court erred when it did not hold a hearing on his motion for new trial and when it denied that motion. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the third-degree felony of assault of a family or household member, Evelyn Hoyle. The grand jury alleged that Appellant struck her with his hands, that he slammed a car door on her leg or legs, and that he had a prior conviction of felony assault against a family or household member.[1] TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014); TEX. FAM. CODE ANN. § 71.005 (West 2014). "Household" means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other. FAM. § 71.005. The range of punishment for felony assault of a member of a household, where the defendant has two prior felony convictions, is confinement for a term of life or a term of not more than ninety-nine years or less than twenty-five years. PENAL § 12.42(d).

## II. *Evidence at Trial*

Hoyle, who lives in Midland, testified that she and Appellant were in a dating relationship and that she lived with Appellant at the time of the incident. She said that she had thought about ending her relationship with Appellant. One August evening, Hoyle drove Appellant to a Stripes convenience store in Midland County.[2] While in the parking lot of that store, Hoyle told Appellant that she wanted to end their relationship. Hoyle explained that Appellant did not say anything and that he

---

[1]The grand jury also alleged in an additional enhancement paragraph that Appellant had a prior DWI conviction. Additionally, the State filed a notice of its intent to enhance Appellant's punishment pursuant to Section 12.42(d) of the Penal Code.

[2]Hoyle testified that she had driven Appellant around town for several hours so he could visit friends. During this time, Appellant drank alcohol in the car all day and into the evening.

looked like he was in deep thought. When she asked him to get out of her car, he just sat there. She got out of her car and went to the passenger side, opened the front passenger door, and told Appellant to get out. Appellant got out of the car and then assumed what Hoyle described as a "boxing stance"; he raised up his clenched fists toward her.

Hoyle asked Appellant if he was going to fight her, but he never responded. Hoyle said that she never hit Appellant. Hoyle walked back around the car to the driver's side and sat in the driver's seat. Although Hoyle sat down in the driver's seat of her car, she did not shut the door, and her left leg was in between the car door and car frame. At that time, Appellant walked around the car and slammed the door into her leg; he slammed it three times into her leg. During this time, Appellant never said a word; Hoyle said that Appellant was not mistaken as to whether Hoyle's left leg was outside her car.

Hoyle knew that she needed to leave because her mentally handicapped adult child was in her car. Hoyle had the driver's side window rolled down, and Appellant punched her on the left temple of her head with his closed fist. Hoyle testified that her leg swelled and hurt after Appellant slammed the door on her leg. She also testified that her head hurt after he hit her on the head. At the time of trial, it was still necessary for Hoyle to wear compression socks and to use a cane. Hoyle continued to have trouble with her left knee, and she continued to suffer from headaches.

Hoyle said that a man walked past her car as the altercation occurred at the store and that he stood between Appellant and the car. The man told her to leave. Hoyle drove away from the parking lot, and she went to her daughter's place of employment to tell her daughter about what Appellant had done. Hoyle then went home and called the police. The police went to Hoyle's home and interviewed her; the police also took photographs of her injuries. The photographs showed some

3

bruises on her leg and a faint red spot on her head. Hoyle later went to the emergency room.

Bradley Randall Robertson is a certified peace officer with the Midland Police Department. He responded to Hoyle's residence after she called the police. When he arrived, Officer Robertson saw Appellant in the front yard on a swing. Appellant was unconscious. He was "disheveled"; his clothes were "messed up"; and he had a strong odor of alcohol. When Officer Robertson awakened him, Appellant did not speak to Officer Robertson. Officer Robertson asked Appellant to remove his hands from his pockets so that the officer could determine whether Appellant had a weapon. Appellant refused several verbal commands, but eventually showed Officer Robertson his hands. A backup officer arrived on scene, and Officer Robertson handcuffed Appellant. After Officer Robertson spoke with Hoyle, he determined that Appellant had committed an assault on Hoyle and that Hoyle was a member of Appellant's household. Officer Robertson referred to the offense as assault-family violence.

### III. *Discussion and Analysis*

Appellant asserts that the evidence was insufficient to convict him of assault of a member of his household because Hoyle's testimony was not credible. Appellant also asserts that the trial court erred when it did not hold a hearing on his motion for new trial and then denied that motion for new trial.

#### A. *Issue One: Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard of review set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could

4

have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence. *Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319, 326). A reviewing court may not reevaluate the weight and credibility of the evidence and substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Hoyle testified that she lived with Appellant. She also testified that Appellant struck her on the left temple of her head and that he slammed the car door on her left leg three times. Police took photographs of her injuries, and the photographs were in evidence at trial. Further, Officer Roberston described the injuries that were depicted in the photographs. Hoyle went to the emergency room and medical staff there treated her for bruises. As we have noted, Hoyle suffered bruises and, since the assault, has also suffered from recurrent headaches. She also has had to wear compression socks on her left leg and has had to use a cane. Appellant argues that Hoyle was not a credible witness. However, the jury was the arbiter of the disputed facts and was free to believe Hoyle's testimony. Appellant did not testify, but he stipulated that he had a prior conviction for felony assault of a family member or member of his household. We hold that there was sufficient evidence for the jury to find beyond a reasonable doubt that Appellant had committed the offense of felony assault of a member of his household with one prior felony conviction for the same offense. We overrule Appellant's first issue.

## B. Issue Two: Denial of Hearing on Motion for New Trial and Denial of Motion for New Trial

We note at the outset that Appellant's second complaint on appeal is not one in which he argues that his counsel was ineffective. Ineffective assistance was the subject of his motion for new trial. Appellant's second complaint, nonetheless, has two parts. He complains in the first part that the trial court failed to hold a hearing on the motion for new trial. The second part of Appellant's complaint is that the trial court denied his motion for new trial.

### 1. Appellant's Motion for New Trial

Appellant asserted in his motion for new trial that he received ineffective assistance of counsel prior to trial and at trial. Appellant was to receive a six-year sentence from the court, as part of an agreement not to appeal, if the jury found Appellant guilty. But after trial, Appellant rejected the agreement because he wanted to appeal his conviction. Appellant was represented by counsel prior to trial as well as during trial and after trial. After Appellant filed his motion for new trial, the trial court denied Appellant's request for a hearing and also denied Appellant's motion for new trial.

### 2. Denial of Request for Hearing on Motion for New Trial

We review a trial court's denial of a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will only reverse if the decision to deny a hearing was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* The purposes of a hearing on a motion for new trial are (1) to determine whether the case should be retried and (2) to prepare a record for presenting issues on appeal if the trial court denies the motion. *Id.* at 338. A hearing on a motion for new trial is not an absolute right. *Id.* A hearing is not required when the matters raised in the motion for new trial can be determined from the record. *Id.* However, a trial court abuses its

6

discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

Appellant asserted in his motion for new trial that defense counsel failed to inform him of "plea offers" and ranges of punishment. Appellant also claimed that his counsel never told him that he could elect to have a jury assess his punishment. Appellant further claimed that defense counsel erred when counsel failed to call witnesses, including Appellant. To be entitled to a hearing on a motion for new trial with respect to an ineffective-assistance-of-counsel claim, a defendant "does not have to plead a *prima facie* case, but he must at least allege facts that show reasonable grounds to believe that he *could* prevail under *both* prongs" of the *Strickland* test. *Smith*, 286 S.W.3d at 338; *see Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Strickland*, 466 U.S. at 687. For the performance standard, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. For the prejudice standard, a defendant must show that there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 693–94; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Appellant did not attach an affidavit to his motion for new trial; instead, he attached a verification to the motion. But the motion did not adduce evidentiary facts there were outside the record. Appellant's arguments failed to demonstrate what outside evidence indicated that defense counsel's performance was deficient; he also failed to outline how any alleged deficiency prejudiced his defense. *See Strickland*, 466 U.S. at 689–92. Appellant did not adduce facts outside of the record that would have

7

put the trial court on notice that a hearing on his alleged ineffective-assistance-of-counsel claim was necessary. A trial court need not hold a hearing if the trial court can determine the merits of the motion by a review of the record. *Smith*, 286 S.W.3d at 338. Having reviewed the record, we hold that the trial court did not abuse its discretion when it denied Appellant's request for a hearing on Appellant's motion for new trial.

### 3. Denial of Motion for New Trial

We review the trial court's denial of the motion for new trial under an abuse of discretion standard. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). Appellant never adduced any evidence that there were other plea offers by the State, and he never stated that he would have accepted a plea offer had one been communicated to him. As to punishment, Appellant was aware of the range of punishment because Appellant wrote to the trial court, prior to the punishment phase of trial, and asserted that the range of punishment was incorrect. Appellant also does not explain how his failure to file an election for the jury to assess punishment would have changed the outcome of the punishment phase. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (West Supp. 2014). Appellant received the lowest sentence possible in the range of punishment. Appellant also does not identify which witnesses should have been called or what they would have said that would have been exculpatory. Appellant was advised at trial about the perils or danger that would be involved if he testified in his own defense. Appellant chose not to testify because of his prior criminal history, which would have been admissible as part of any cross-examination in both the guilt and punishment phases. Appellant's assertions were nothing more than conclusory statements without explanation on how evidence, not in the record, would have shown that he was potentially entitled to relief. *See Hobbs*, 298 S.W.3d at 199. The trial court did not abuse its discretion

8

when it denied Appellant's motion for new trial without a hearing. We overrule Appellant's second issue.

## IV. *Conclusion*

We have reviewed the record, and there was sufficient evidence that Appellant intentionally or knowingly caused bodily injury to a member of his household, Evelyn Hoyle, when he struck her with his hand and slammed a car door on her left leg. Accordingly, we hold that the evidence was sufficient for a rational jury to find beyond a reasonable doubt that Appellant was guilty of the offense of felony assault on a member of his household. We also hold that the trial court did not abuse its discretion when it denied Appellant's request for a hearing on the motion for new trial and ultimately denied the motion for new trial. As a result, we have overruled both of Appellant's issues.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9