COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ERIC ADRIAN GONZALEZ, | § | No. 08-17-00169-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th District Court |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| Appellee. | § | (TC#P-3634-112-CR) |
| | § | |

## O P I N I O N

Eric Gonzalez appeals his conviction for introduction of an implement of escape into a correctional facility. The trial court orally pronounced punishment at twelve years' incarceration and a fine of one thousand dollars. The written judgment, however, reflects that no fine was assessed. In his sole issue, Gonzalez contends his trial counsel rendered constitutionally ineffective assistance when he failed to submit a written punishment election prior to voir dire, which caused him to lose his option to have punishment assessed by the jury. We reform the judgment to reflect that the trial court assessed Gonzalez's punishment at twelve years' incarceration and a fine of one thousand dollars.[1] The judgment, as so modified, is affirmed.

### BACKGROUND

---

[1] When the trial court's oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App. 2002).

On April 26, 2014, Trooper John Messer pulled over a vehicle traveling 66 m.p.h. in a 35-m.p.h. zone. Eric Gonzalez was driving, and there were several passengers in the vehicle with him. Messer noticed the smell of alcohol emanating from the vehicle and asked Gonzalez to step out. He then ordered Gonzalez to perform field sobriety tests. Based on his performance, Messer determined he was intoxicated and placed him under arrest. Because Messer's patrol car was not equipped with a divider between the front and back seat, he placed Gonzalez in the front passenger seat next to him. Messer's handcuff keys were in the center console. After calling in the arrest, Messer exited the patrol car to speak with the passengers in Gonzalez's vehicle. While he was speaking with the passengers, Gonzalez picked up the handcuff keys and placed them in his pocket. Messer then returned to the vehicle and drove Gonzalez to the detention facility.

The following day, Messer realized his handcuff keys were missing. After a search of his patrol vehicle and his home turned up nothing, he reviewed the recorded footage from his dashcam. The dashcam footage revealed Gonzalez had taken the keys from the center console while Messer was speaking with the passengers. Messer contacted his supervisor and let him know what had happened. Messer and two other deputies then went to Gonzalez's residence and confronted him about the missing keys. Gonzalez admitted he had the keys, went to retrieve them from inside the residence, and gave them back to Messer. Gonzalez claimed the keys had fallen into his pocket by accident while he was sitting in the patrol car.

Gonzalez was indicted for the crime of Implements for Escape for bringing the handcuff keys into the detention facility with the intent to facilitate escape. Because he had previously been finally convicted of a prior felony, this was charged as a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a). Before voir dire began, defense counsel was asked by the trial

court at a bench discussion whether punishment would be assessed by the jury or by the court. Counsel responded he had not filed an election, but stated he intended to "take it to the jury." During voir dire counsel questioned the venire regarding punishment. But counsel did not file a written election as to punishment until after the jury had found Gonzalez guilty. When the issue was brought up by the trial court, Gonzalez requested to have the jury assess punishment. But the State opposed Gonzalez's request, noting the defendant needed the State's consent to elect to have the jury assess punishment if he failed to submit the written election prior to voir dire. Defense Counsel replied that if the State was unwilling to allow the jury to assess punishment, he would request a pre-sentence investigation report, which the trial court granted.

The punishment phase was conducted before the trial court. During closing argument, defense counsel argued for community supervision from the trial court. After hearing argument by both sides, the trial court assessed punishment at twelve years' incarceration and a fine of one thousand dollars. This appeal followed.

## DISCUSSION

### Ineffective Assistance of Counsel

In his sole issue on appeal, Gonzalez contends his trial counsel performed deficiently by failing to submit a written election regarding punishment prior to voir dire. He asserts that due to this failure he lost the right to elect to have the jury assess punishment.

### *Standard of Review*

A criminal defendant is entitled to be represented by effective, competent counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on a claim of constitutionally ineffective assistance, a defendant must

show by a preponderance of the evidence that his counsel's performance fell below an objective standard of reasonableness. *Cavitt v. State*, 507 S.W.3d 235, 248 (Tex.App.—Houston [1st Dist.] 2015, pet. ref'd)(citing *Strickland*, 466 U.S. at 687-88). That is, the appellant must prove that there was no plausible professional reason for a specific act or omission by counsel. *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). If counsel was deficient, we determine whether there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.*; *Adekeye v. State*, 437 S.W.3d 62, 73 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd). An appellant's failure to satisfy either prong defeats a claim of ineffective assistance of counsel. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001)(citing *Strickland*, 466 U.S. at 697).

Demonstrating ineffective assistance of counsel on direct appeal is even more difficult, given that the reasonableness of counsel's decisions often involves facts which are not in the record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). Absent evidence of counsel's strategic motivations for his actions at trial, we indulge a strong presumption that counsel rendered adequate assistance and that his actions were a result of a sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

### *Applicable Law*

Article 37.07(2)(b) of the Texas Code of Criminal Procedure, which governs punishment election, reads in relevant part as follows:

> Except as provided by Article 37.071 or 37.072, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend community supervision and the defendant filed his sworn motion for community supervision before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire

4

examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Section 3(c) of this article and in Article 44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

TEX.CODE CRIM.PROC.ANN. § 37.07.

*Analysis*

Here, Gonzalez contends his attorney rendered constitutionally ineffective assistance by failing to file a written election regarding punishment prior to voir dire because it denied him the opportunity to have the jury assess punishment in the face of opposition by the State. Gonzalez is raising the issue of ineffective assistance on direct appeal, and we are thus required to indulge a strong presumption that his trial counsel's actions were the result of a sound trial strategy. *Thompson*, 9 S.W.3d at 813. Gonzalez points out that prior to voir dire, his attorney was asked about punishment election and he orally stated he would have the jury assess punishment if found guilty, but then failed to file a written election. From this statement, he asserts counsel "clearly" had knowledge of Gonzalez's desire that the jury assess punishment, and therefore there was no plausible professional reason for his failure to file the written election.

But as the State correctly points out, there was a plausible professional reason for omitting to file the election: Gonzalez was ineligible to receive community supervision from the jury but could have received community supervision from the trial court. Gonzalez had a prior final felony conviction at the time of trial, and thus could not receive a sentence of community supervision from the jury. *See* Act of June 17, 2015, 84th Leg., (H.B. 2299), ch. 770, § 1.01, 2015 TEX.GEN.LAWS 2321, 2327, eff. Jan 1, 2017. The trial court, however, is not so restricted and may grant community supervision in the interests of justice. *See* Act of June 17, 2015, 84th Leg., (H.B. 2299), ch. 770, § 1.01, 2015 TEX.GEN.LAWS 2321, 2325, eff. Jan 1, 2017. Accordingly, it

5

would have been a reasonable trial strategy to allow the trial court to assess punishment so counsel could argue for, and Gonzalez could potentially receive, community supervision during the punishment phase. Indeed, counsel argued for community supervision during the punishment phase—an option that would have been foreclosed to him had punishment been assessed by the jury. Because this case is before us on direct appeal, counsel was not given an opportunity to discuss his strategic motivations, if any, for omitting to file the election, and we must thus presume his actions were part of a reasoned trial strategy to give his client the opportunity to receive community supervision. *Thompson*, 9 S.W.3d at 813.

Gonzalez asserts that under *Ex parte Walker*, an attorney's failure to file the punishment election when it is desired by the defendant is constitutionally ineffective assistance. *Walker* is distinguishable. In *Walker*, counsel had informed the defendant the trial court had a reputation for being "very harsh" when assessing punishment and advised the defendant to have the jury assess punishment. *Ex parte Walker*, 794 S.W.2d 36, 36 (Tex.Crim.App. 1990). The defendant agreed, and counsel prepared a motion electing to have the jury assess punishment which the defendant signed. *Id*. But after voir dire began, his attorney realized he had not filed the election. *Id*. He then attempted to file it, but the trial court rejected it as untimely. *Id*. The trial court gave defendant the maximum sentence of life in the Texas Department of Corrections. *Id*. In holding the defendant was denied effective assistance of counsel, the court relied on its prior decision in *Ex parte Duffy*, in which the court held the standard for punishment-phase ineffective-assistance was whether counsel rendered reasonably effective assistance in light of the totality of the representation. *Id.*, at 36-37 (*citing Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App. 1980)). It concluded the attorney's actions had denied the defendant the opportunity to make an

informed decision based on the advice his counsel had given him regarding the alleged predisposition of the trial court to harsh punishment. *Id.*, at 37.

Here, there is nothing in the record to demonstrate the court was likely to render a harsher sentence than the jury, that counsel advised Gonzalez to have the jury assess punishment, that a motion was prepared in advance and signed by the defendant, or even that counsel believed he had made a mistake by not filing the election—as evidenced by his declaration that he had not filed a written election when asked prior to voir dire.[2] These all served in *Walker* to demonstrate counsel's lack of a strategic reason for omitting the election; in the absence of any such indicators here, we must presume a reasoned trial strategy. *Thompson*, 9 S.W.3d at 813. Because Gonzalez has failed to overcome the presumption of effective assistance with record evidence, we do not find he received ineffective assistance of counsel. Issue One is overruled.

## DEFECTIVE CERTIFICATION

The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of

---

[2] Further, the standard for ineffective assistance during punishment used in *Walker* relied on the court's alternate standard articulated in *Duffy*. *Walker*, 794 S.W.2d at 37. *Duffy*, which did not require a showing of harm—only ineffective assistance—was overruled by *Hernandez v. State*, in which the court held that the only standard used to judge ineffective assistance would be the two-pronged *Strickland* standard. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999).

the applicable deadlines.  *See* TEX. R. APP. P. 48.4, 68.   Appellant's attorney is further

ORDERED, to comply with all of the requirements of TEX. R. APP. P. 48.4.

## CONCLUSION

Having overruled Appellant's sole issue, we reform the judgment to reflect that the trial

court assessed Gonzalez's punishment at twelve years' incarceration and a fine of one thousand

dollars.   The judgment, as so modified, is affirmed.


May 31, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8